155 A.3d 39

BOARD OF SUPERVISORS OF WILLISTOWN
TOWNSHIP, Appellee

v.

MAIN LINE GARDENS, INC. and Coffman
Associates, LLC, Appellants

Board of Supervisors of Willistown Township, Appellee

v.

Main Line Gardens, Inc. and Coffman
Associates, LLC, Appellants

Board of Supervisors of Willistown Township, Appellee

v.

Main Line Gardens, Inc. and Coffman
Associates, LLC, Appellants

Board of Supervisors of Willistown Township, Appellee

v.

Main Line Gardens, Inc. and Coffman
Associates, LLC, Appellants

Board of Supervisors of Willistown Township, Appellee

v.

Main Line Gardens, Inc. and Coffman
Associates, LLC, Appellants

Board of Supervisors of Willistown Township, Appellee

v.

Main Line Gardens, Inc. and Coffman
Associates, LLC, Appellants

No. 59 MAP 2016
No. 60 MAP 2016
No. 61 MAP 2016
No. 62 MAP 2016
No. 63 MAP 2016
No. 64 MAP 2016

Supreme Court of Pennsylvania.

ARGUED: December 7, 2016

DECIDED: February 22, 2017

324

James S. Tupitza, Esq., West Chester, for Main Line Gardens, Inc. and Coffman Associates, LLC, appellant.

Vincent Matthew Pompo, Esq., Scot Russel Withers, Esq., Lamb McErlane, PC, West Chester, for Willistown Township Board of Supervisors, appellee.

SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.

## OPINION

JUSTICE DONOHUE

This appeal presents a discrete issue of post-trial procedure pursuant to Rule 227.1(b) of the Pennsylvania Rules of Civil Procedure. Appellants, Main Line Gardens, Inc. and Coffman Associates, LLC (collectively, "Main Line"), ask us to decide whether it was proper for the Commonwealth Court to dismiss its appeal because it did not file briefs in the trial court in support of post-trial motions. We conclude that the Commonwealth Court erred, and thus remand the case for merits review of the issues raised on appeal.

We begin with a review of the procedural history relevant to the issue presented here. In April 2011, Main Line received an enforcement notice from Appellee, the Board of Supervisors of Willistown Township (the "Township"), that asserted violations of the Township zoning ordinances. Main Line appealed the enforcement notice to the Township zoning hearing board, which, after hearings, determined that Main Line was in violation of the relevant zoning ordinances. To enforce the zoning board's determination, in August 2013 the Township

filed seven complaints against Main Line with a magisterial district judge. Each of the seven complaints alleged violations during a distinct twelve-day period, together comprising violations over eighty-four days. The magisterial district judge entered judgments against Main Line in the amount of $6143 in each of the seven cases ($43,001 in total).

Main Line appealed these decisions to the court of common pleas, and in accordance with rules governing practice before magisterial district judges, the Township responded by filing seven complaints[1] asserting the same violations of the zoning ordinance over the same eighty four day period. Unlike the complaints before the magisterial district judge, however, in the court of common pleas, the Township's seven complaints were identical, all alleging zoning violations over a single, eighty four day period. The cases proceeded to arbitration, at the conclusion of which the arbitrator entered an award ($21,274.67) in the Township's favor in one action (No. 2013–05036), and defense judgments in favor of Main Line in the other six cases.[2] The Township entered judgment on the arbitrator's award in the case docketed at 2013–05036 and filed notices of appeal in the other six cases.

Prior to trial, Main Line filed motions for summary judgment in the six remaining actions. In supporting briefs filed in each case, Main Line argued that res judicata barred the Township from offering proof of damages because the arbitrator had rendered a decision on damages (in case No. 2013–05036) for the entire eighty four day period alleged in that case, and case No. 2013–05036 was a final judgment because

[1]. Pursuant to Rule 1004 of the Pennsylvania Rules of Civil Procedure for Magisterial District Judges, if, as here, "the appellant was the defendant in the action before the magisterial district judge, he shall file with his notice of appeal a praecipe requesting the prothonotary to enter a rule as of course upon the appellee to file a complaint within twenty (20) days after service of the rule or suffer entry of a judgment of non pros." Pa.R.C.P.M.D.J.1004(B).

[2]. The Commonwealth Court and the Township incorrectly state that Main Line prevailed in only one case at arbitration, and that the Township prevailed in six cases. *See* Commonwealth Court Opinion, 11/17/2015, at 1–2; *see also* Township's Brief at 1–2. The reverse is true.

the Township had not filed an appeal from that decision. In response, the Township filed motions for leave to amend its complaints in the six actions to set forth the distinct twelve-day time periods that had been delineated in the complaints filed before the magisterial district judge. Main Line filed briefs in response, arguing against amendment on res judicata grounds. The Township also filed cross-motions for summary judgment with supporting briefs in the six cases, offering its own res judicata argument, namely that the doctrine should bar Main Line from contesting the arbitrator's factual findings relating to its ordinance violations in case No. 2013–05036 because Main Line also had not filed an appeal from that decision. Main Line filed responses and supporting briefs to the Township's cross-motions for summary judgment, offering further argument with respect to the proper application of res judicata under the existing procedural posture of the six cases.

The trial court denied all of the motions and cross-motions for summary judgment. At the start of trial, over Main Line's objections (on res judicata grounds), the court granted the Township's motions to amend its complaints.[3] *See* N.T., 11/3/2014, at 5. The trial court also acknowledged that Main Line had raised res judicata and collateral estoppel objections and the court provided the parties with an opportunity to argue those issues. *See id.* at 17, 86–87, 122–31. After trial, the trial court ruled in favor of the Township in all six actions, entering judgments of $15,200 in each case. In a footnote to one of its orders, the trial court indicated that Main Line had not properly raised res judicata as a defense in the six actions by failing to include it in the pleadings. Trial Court Order, 12/22/2014 (No. 2013–05037).

The parties then filed timely post-trial motions in the six cases. In its post-trial motions, Main Line specified both the grounds for which it sought relief and the various ways it had asserted those grounds before and during trial. As pertinent to this appeal, Main Line argued that the trial court had erred, inter alia, in the following respects: (1) "in not applying

3. Despite having been granted leave to do so, the case dockets do not reflect that the Township ever filed any amended complaints.

the doctrine of res judicata and/or collateral estoppel, claiming the same were not pled;" (2) "in concluding [that Main Line] should have pled res judicata to enable [the Township] to take 'appropriate steps to separate each of the causes of action;" and (3) in granting the Township leave to amend its complaints, all of which "requested relief for the same claims and the same time periods as had already been finally litigated." Main Line's Motion for Post–Trial Relief, 12/30/2014, at 1–3.[4]

In a letter dated January 7, 2015, the trial court set a date for oral argument on Main Line's post-trial motions and notified the parties that Chester County Local Rule of Civil Procedure 227.2(h)(1)–(2) would govern the filing of briefs. The letter was not docketed in the proceedings below. Main Line did not file briefs and the docket does not reflect that oral argument took place. The Township filed a brief in opposition to Main Line's motions for post-trial relief, arguing that Main Line's failure to brief its post-trial motions constituted "waiver and abandonment of the issues not briefed." Township's Opposition Brief, 3/31/2015, at 1.

By orders dated April 22, 2015, the trial court denied Main Line's post-trial motions, holding that "upon consideration of [Main Line's] motion for post-trial relief ... and upon consideration of the briefs and arguments of counsel, it is hereby ordered that both the motion and the cross-motion for post-trial relief are hereby denied." Trial Court Orders, 4/22/2015 (Nos. 2013–05037, 05041–45). These orders made no reference to the Township's contention that Main Line had waived or abandoned any issues. After Main Line filed notices of appeal with the Commonwealth Court, the trial court ordered the filing of statements of the issues complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. In its subsequent written opinion pursuant to Rule 1925(a), the trial court addressed the res judicata issue on its merits, indicating that its prior contention that Main Line had not properly asserted the defense was in error. Trial Court Opinion, 9/31/2015, at 3. It concluded that this error was harmless, however, as the res judicata defense was "not valid"

4. The Township filed its own post-trial motions.

because "each of the seven (7) lawsuits covered a different period of time and, therefore, the requisite identities [for a res judicata defense] are not present." *Id.* In its Rule 1925(a) opinion, the trial court did not find that Main Line had waived any of the issues set forth in its post-trial motions.

On appeal to the Commonwealth Court, the Township filed with that court a motion to dismiss the appeals based upon Main Line's failure to file briefs in support of its post-trial motions, citing in support the Superior Court's decision in *DiSalle v. P.G. Pub. Co.*, 375 Pa.Super. 510, 544 A.2d 1345 (1988), and Chester County Rule of Civil Procedure 227.2(h), as referenced in the undocketed January 7, 2014 letter from the trial court. In a written response, Main Line contended that no waiver occurred because the res judicata issues in the case had been briefed repeatedly and argued extensively during trial. Reply of [Main Line] to Application to Dismiss Appeals, 10/23/2015, at 2. In particular, Main Line advised that it had filed multiple briefs discussing the proper application of the res judicata doctrine in all six cases, including in memoranda of law in support of its motions for summary judgment, in opposition to the Township's motions for leave to amend its complaints, and in opposition to the Township's cross-motions for summary judgment. *Id.*

In a memorandum and order filed on November 17, 2015, the Commonwealth Court dismissed Main Line's six appeals for failure to file briefs in support of its post-trial motions. The Commonwealth Court acknowledged that Main Line had presented an "appealing" argument and that the trial court had not found waiver, instead ruling on the post-trial motions on their merits, but insisted that "post-trial practice does not allow practitioners to ignore any step in the process." *Main Line Gardens, Inc. v. Zoning Hearing Bd. of Willistown Twp.*, 2014 WL 688123, at *3 (Pa. Commw. Feb. 20, 2014) (unpublished memorandum). Relying on the Superior Court's decision in *DiSalle*, the Commonwealth Court determined that while the trial court was "very familiar" with the issues raised in the post-trial motions, this did not excuse the requirement to file briefs and present argument in support thereof. *Id.*

According to the Commonwealth Court, *DiSalle* commands that "any issue raised in the motion for post-trial relief must also be briefed and argued to the trial court," and that the failure to do so results in waiver because it "deprives the trial court of both the need and opportunity to address the merits of the appellant's post-trial arguments." *Id.* The Commonwealth Court emphasized that, despite the trial court's awareness of the nature of the issues before it, supporting briefs were necessary because if they had been filed, they "could have swayed the trial court to reach the opposite result." *Id.*

 On appeal to this Court, Main Line asks us to determine whether, under Rule 227.1 of the Pennsylvania Rules of Civil Procedure, where a trial court rules on the merits of post-trial motions in reliance upon the prior briefs and arguments of the parties addressing the issues presented in the post-trial motions, an appellate court can nevertheless dismiss the appeal because of the failure to file a brief in support of the post-trial motion. This issue involves a pure question of law, over which our standard of review is de novo, and our scope of review is plenary. *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 635 Pa. 427, 137 A.3d 1247, 1254 (2016).

 Post-trial motions serve an important function in the adjudicatory process because they provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review. *Chalkey v. Roush*, 569 Pa. 462, 805 A.2d 491, 494 n.9 (2002). In 1984, this Court adopted Rules 227.1 through 227.4 to establish uniform procedures for post-trial relief in actions at law and equity, and actions tried with or without a jury. *See* Pa.R.C.P. 227.1 (Explanatory Comment–1983). Rule 227.1 addresses waiver at the trial court level, "as a matter of the trial court's post-trial power." *Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Family Markets, Inc.*, 617 Pa. 265, 52 A.3d 1233, 1246 (2012). Rule 227.1(b) [5] establishes that issues not preserved either before or

5. Pa.R.C.P. 227.1(b) provides:

at trial, *see* Pa.R.C.P. 227.1(b)(1), or in post-trial motions, *see* Pa.R.C.P. 227.1(b)(2), are waived. As this Court ruled in *Lane Enterprises, Inc. v. L.B. Foster Co.*, 551 Pa. 306, 710 A.2d 54 (1998), Rule 227.1 "requires parties to file post-trial motions in order to preserve issues for appeal," and "[i]f an issue has not been raised in a post-trial motion, it is waived for appeal purposes." *Id.* at 54.

Rule 227.1(b)(2) provides that the grounds for post-trial relief must be "specified in the motion," and that any grounds not so specified are deemed waived unless leave is subsequently granted upon cause shown to specify additional grounds. Pa.R.C.P. 227.1(b)(2). The Explanatory Comment to Rule 227.1(b)(2) makes clear that specification of the grounds for relief requires more than mere "boilerplate" language, and that the motion must instead provide the theories in support "so that the lower court will know what it is being asked to decide." Pa.R.C.P. 227.1(b)(2) (Explanatory Comment–1983) (quoting *Frank v. Peckich*, 257 Pa.Super. 561, 391 A.2d 624, 632–33 (1978)).

The Commonwealth Court erred in ruling that Main Line waived the issues set forth in its post-trial motions for failing to file briefs in support thereof. Main Line conformed with the dictates of Rule 227.1 to preserve its issues for appeal by filing post-trial motions that complied with Rule 227.1(b)(2). Main Line's post-trial motions set forth the requested grounds for relief and the theories in support thereof. Importantly, Rule 227.1(b)(2) contains **no** requirement that parties file briefs or present argument with respect to the issues specified in the motion in order to preserve them for appeal.

(b) Except as otherwise provided by Pa.R.E. 103(a), post-trial relief may not be granted unless the grounds therefor,

(1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and

(2) are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon causes shown to specify additional grounds.

Pa.R.C.P. 271.1(b) (notes omitted).

While the Commonwealth Court relied on the Superior Court's decision in *DiSalle*, we find the reasoning in that case to be erroneous.[6] In *DiSalle*, the appellant filed post-trial motions seeking relief on a number of issues. The appellant filed a brief in support of the post-trial motions, but included no argument therein with respect to one issue. *DiSalle*, 544 A.2d at 1363. On appeal, the Superior Court held that the issue was waived based upon the failure to brief it. *Id.* at 1364. In so ruling, the Superior Court did not reference any language in Rule 227.1 requiring the filing of briefs. Instead, the Superior Court noted that because the purpose of post-trial practice is to inform the trial court of the issues so that it may be given an opportunity to decide them in advance of appellate review, "common sense mandates that any issue raised in the motion for post-trial relief must also be briefed and argued to the trial court." *Id.* at 1363. In support of its ruling, the Superior Court cited to two of its prior decisions, *Bryant v. Girard Bank*, 358 Pa.Super. 335, 517 A.2d 968, 973 (1986), and *Scarborough by Scarborough v. Lewis*, 359 Pa.Super. 57, 518 A.2d 563, 566 (1986), both of which likewise held that the failure to brief an issue raised in a post-trial motion results in waiver.[7]

Our recognition that Rule 227.1(b)(2) does not mandate the filing of briefs in support of post-trial motions does not mean that briefs never need to be filed during post-trial practice. Instead, in our view, proper practice in this regard was articulately set forth in a concurring opinion by the Honorable Maureen Lally–Green in *Jackson v. Kassab*, 812 A.2d 1233 (Pa. Super. 2002). In *Jackson*, as in the present case, following the appellant's filing of post-trial motions, the trial court requested briefing on the motions in a letter to the parties. *Id.* at 1236 (Lally–Green, J., concurring). When the appellant

6. *DiSalle* does not make clear whether the trial court found the unbriefed issue waived or if, instead, the Superior Court did so on appeal. As a result, we can go no further than to say that its conclusion that Rule 227.1 requires supporting briefs is unfounded.

7. *Bryant* and *Scarborough* in turn relied primarily on appellate decisions that pre-dated the adoption of Rule 227.1. *Bryant,* 517 A.2d at 973; *Scarborough,* 518 A.2d at 566.

failed to comply with the request, the trial court denied the post-trial motions. *Id.* (Lally–Green, J., concurring). Judge Lally–Green explained that the trial court's finding of waiver in that circumstance was entirely appropriate because a trial court has the inherent authority to order the filing of briefs, and if a party fails to comply with an order to do so, "the result **may** be waiver of the unbriefed issues." *Id.* (Lally–Green, J., concurring) (emphasis added).

 Because Rule 227.1(b)(2) does not require supporting briefs, the failure to file a brief does not violate the rule, and neither the trial court nor the appellate courts may find waiver pursuant to the rule for failing to do so. In its discretion, based upon its conclusion that it requires further advocacy on the issues, a trial court may request that the parties file briefs. In the event of non-compliance with such a request, it is for the trial court, again in its discretion, to find waiver or, alternatively, to overlook the noncompliance and rule on the merits of the issues presented.

In the present case, the trial court followed this practice precisely. Its letter of January 7, 2014 advised the parties of the briefing schedule for post-trial motions, and Main Line thereafter failed to file briefs in response. The trial court, in its discretion, chose to overlook this non-compliance. In its order denying Main Line's post-trial motions, the trial court indicated that it was doing so "upon consideration of [Main Line's] motion for post-trial relief . . . and upon consideration of the briefs and arguments of counsel." Trial Court Orders, 4/22/2015 (Nos. 2013–05037, 05041–45). Based upon our review of the certified record, the trial court's decision not to find waiver, and to instead rule on the merits of the issues raised in the post-trial motions, was entirely understandable, as by the time Main Line filed its post-trial motions, the parties had each filed at least five briefs in each of the six cases (thirty in total), all arguing the merits of Main Line's attempted assertion of a res judicata defense. The record further reflects that the trial court heard oral argument from the parties during the course of the proceedings on the res judicata issue. *See* N.T., 11/3/2014, at 17, 86–87, 122–31.

The Commonwealth Court's Memorandum and Order of November 17, 2015 is hereby reversed. The case is remanded to the Commonwealth Court for a merits review of the issues raised on appeal.

Chief Justice Saylor and Justices Baer, Todd, Dougherty, Wecht and Mundy join the opinion.