# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amy McClellan, Robert VanWagner : 
and The Crossing Legacy Foundation, : 
        Appellants : 
            : No. 1036 C.D. 2016
        v. : Submitted: May 1, 2017
            : 
Zoning Hearing Board of : 
Upper Makefield Township : 


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**               **FILED:  May 23, 2017**

      Amy McClellan, Robert Van Wagner and The Crossing Legacy Foundation (Objectors) have filed an appeal with this Court from the June 5, 2015 and May 16, 2016 orders of the Court of Common Pleas of Bucks County (Trial Court).  For the following reasons, we dismiss Objectors' appeal.

      Objectors appealed the November 4, 2014 decision of the Zoning Hearing Board of Upper Makefield Township (ZHB) to the Trial Court.  WCI Holdings, LLC (WCI), the owner of the subject property, intervened in support of the ZHB and the Township of Upper Makefield (Township) intervened in support of Objectors.  The Trial Court entered an order fixing a scheduling conference for all parties on April 2, 2015.  Following the conference, the Trial Court issued a briefing schedule by April 8, 2015 order.  Objectors and the Township were directed to file briefs by May 15, 2015.  The Township filed its brief; Objectors did not, nor did they request additional time to file their brief from the Trial Court.  On

May 29, 2015, WCI filed a motion to preclude further participation by Objectors for failure to comply with the Trial Court's briefing schedule and prosecute their case, with a certificate of service. Objectors did not submit any response to WCI's motion to preclude. On June 5, 2016, the Trial Court issued an order barring Objectors "from further participation in, and prosecution of, their Appeal for failure to comply with the Court ordered briefing schedule in the within matter." (June 5, 2016 Order, Trial Court Docket No. 16.) Notice of the filing of the Trial Court's order was mailed to Objectors on June 10, 2015 in compliance with Pennsylvania Rule of Civil Procedure No. 236. Objectors did not seek reconsideration from the Trial Court or otherwise seek to challenge the order precluding their participation before the Trial Court. The Township continued to prosecute its case and on May 16, 2016, the Trial Court affirmed the ZHB. The Township has not appealed the Trial Court's order.

On June 24, 2016, Objectors filed a Notice of Appeal with this Court. On August 30, 2016, this Court's filing office issued a briefing schedule notifying Objectors that their brief and reproduced record were due October 11, 2016. On October 17, 2016, this Court issued a dormant order for failure to file brief and directed Objectors that their brief and reproduced record "shall be filed and served within 14 days of the exit date of this Order or the above notice of appeal shall be dismissed as of course." (October 17, 2016, Commonwealth Court Docket No. 1036 C.D. 2016.) Objectors filed their brief and reproduced record with this Court on November 7, 2016.

In Objectors' brief to this Court, Objectors address their preclusion from this matter in their "statement of the case" and "brief summary of the case." In their "statement of the case," Objectors state:

2

The ZHB prepared the record, but omitted the transcripts it had ordered. Pursuant to local rule *27, a conference was held to solve the transcript dispute and set a briefing schedule. The duplicate transcripts took longer than expected. WCI thereafter filed motions to preclude [Objectors] from participation. On June 5th, the motion to preclude was signed by [the Trial Court]. While [Objectors were] precluded from participation, the [Township] proceeded with the case.

(Objectors' Brief at 8.) In their "summary of the case," Objectors state:

11) Appellants ordered the duplicate transcripts but did not meet the briefing schedule, and were preclude [sic] from argument on July 5, 2015 [sic.]

(*Id*. at 12.) Objectors' "statement of questions involved" does not include a question as to whether the Trial Court erred in precluding Objectors below for failure to prosecute their case. (*Id*. at 7.) Objectors' brief does not otherwise address the Trial Court's June 5, 2016 order precluding participation by Objectors. (*Id*. at 13-19.) Objectors do not use the word "waiver" or a word or phrase that is synonymous with the word "waiver" in their brief.

In sum, Objectors have waived their right to proceed with this appeal at multiple places along their journey. First, Objectors failed to file a brief in the Trial Court addressing their issues complained of on appeal from the ZHB. *Wynnewood Civic Association v. Board of Adjustment of Lower Merion Township*, 179 A.2d 649, 652 (Pa. 1962) ("It is well settled that a question not raised properly in the court below will not be considered by this Court on appeal and that rule applies even though the question sought to be raised involves a constitutional

3

issue." (internal citations omitted)); *Toth v. City of Allentown Zoning Hearing Board*, 499 A.2d 1142, 1144 (Pa. Cmwlth. 1985) (objector waived issue for appellate review where it was not raised before the trial court).

Next, Objectors failed to oppose WCI's motion to preclude them for violating the Trial Court's order and failing to prosecute their appeal; when the Trial Court granted the motion and issued an order precluding Objectors, Objectors took no action. *Dilliplaine v. Lehigh Valley Trust Co.,* 322 A.2d 114, 117 (Pa. 1974) ("Requiring a timely specific objection to be taken in the trial court will ensure that the trial judge has a chance to correct alleged trial errors. This opportunity to correct alleged errors at trial advances the orderly and efficient use of our judicial resources"); *Dennis v. Southeastern Pennsylvania Transportation Authority*, 833 A.2d 348, 352 (Pa. Cmwlth. 2003). The Pennsylvania Rules of Appellate Procedure clearly provide that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa. R.A.P. 302(a); *Appeal of R.C. Maxwell Co.,* 548 A.2d 1300, 1305 (Pa. Cmwlth. 1988) (waiver found where landowner failed to comply with Pennsylvania Rules of Appellate Procedure Nos. 302(a) and 2117(c) by raising issues in the trial court below and indicating where the issues were raised in the statement of the case); *see also* Pa. R.C.P. No. 227.1(b).

Lastly, upon finally filing their brief with this Court, Objectors failed to raise the issue of whether their preclusion below resulted in waiver, even though the Trial Court, in a lengthy and thorough opinion, clearly held that Objectors had waived any and all arguments and issues and concluded that their appeal to this Court should be dismissed. (Trial Court 1925(a) Opinion.); *see also* Pa. R.A.P. 2116(a). *Muldrow v. Southeastern Pennsylvania Transportation Authority*, 88

4

A.3d 269, 274 (Pa. Cmwlth. 2014) (any argument not fairly presented in the statement of questions involved, undeveloped or not supported by pertinent authority is waived). Objectors also failed to advise this Court where it had objected to its preclusion from the case in the proceedings before the Trial Court or to address the issue of waiver anywhere in their brief to this Court. *See* Pa. R.A.P. 2117(c), 2119; *see also Commonwealth v. Spotz*, 18 A.3d 244, 304, 323 (Pa. 2011) (Denying an appellant's Post Conviction Relief Act, 42 Pa. C.S. §§ 9541-9546, petition following conviction for first degree murder and the imposition of a death sentence, the Court found multiple instances of waiver for failure to fully develop an argument in appellant's brief).

In *Board of Supervisors of Willistown Township v. Main Line Gardens, Inc.*, 155 A.3d 39 (Pa. 2017), our Supreme Court addressed a vexing question at the outer limits of the waiver doctrine: whether an appeal can be dismissed because the appellant did not file briefs in the trial court in support of post-trial motions. *Id.* at 40-41. The Court held that filing a brief in support of a post-trial motion was not mandatory under the text of Pennsylvania Rule of Civil Procedure 227.1 but cautioned that its holding should not be construed to "mean that briefs never need to be filed during post-trial practice." *Id.* at 45. Rather, the Court distinguished the circumstances where the trial court has exercised its inherent authority to order the filing of briefs and a party has failed to comply with the trial court's order, holding that in such circumstances "it is for the trial court, again in its discretion, to find waiver or, alternatively, to overlook the noncompliance and rule on the merits of the issues presented." *Id.*

The compounded waiver in the instant matter does not fall near the outer limits of the waiver doctrine; instead, the conduct of Objectors falls neatly

within its bounds and demonstrates the continuing vitality of the view expressed by our Supreme Court in its seminal decision *Dilliplaine* that judicial resources and efficiency are threatened where a trial court is denied the first opportunity to correct any alleged error and, instead, the first opportunity to do so is presented when the matter moves to the appellate courts. Yet, *Main Line Gardens* makes clear that even in instances where waiver may not be mandated by the rules of civil or appellate procedure, the trial court retains the inherent authority to order briefing and a party who chooses not to comply with the Trial Court's order must be prepared for the consequence of waiver.

Accordingly, Objectors' appeal is dismissed.[1]

_____
**JAMES GARDNER COLINS, Senior Judge**

Judge Covey did not participate in the decision of this case.

---

[1] Objectors' appeal borders on being frivolous. "[A]n appeal is frivolous when it has no basis in law or in fact. Stated otherwise, a frivolous appeal is one in which no justifiable question has been presented and which is readily recognizable as devoid of merit in that there is little prospect of success." *Canal Side Care Manor, LLC v. Pennsylvania Human Relations Commission*, 30 A.3d 568, 579 (Pa. Cmwlth. 2011) (internal citations omitted). The Pennsylvania Rules of Appellate Procedure allow for the assessment of reasonable counsel fees and costs against an appellant if an appellate court determines that an "appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Pa. R.A.P. 2744; *see Canal Side Care Manor*, 30 A.3d at 579; *Nahas v. Zoning Hearing Board of Schuylkill County*, 823 A.2d 237, 239 (Pa. Cmwlth. 2003). While the award of reasonable counsel fees and costs pursuant to Pennsylvania Rule of Appellate Procedure 2744 may be imposed *sua sponte*, *see Borough of Kennett Square v. Lal*, 645 A.2d 474, 481 (Pa. Cmwlth. 1994), we decline to do so here.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amy McClellan, Robert VanWagner : and The Crossing Legacy Foundation, : Appellant : : : No. 1036 C.D. 2016

v. :

:

Zoning Hearing Board of :
Upper Makefield Township :

# **O R D E R**

AND NOW, this 23rd day of May, 2017, the appeal of Amy McClellan, Robert Van Wagner and The Crossing Legacy Foundation in the above-captioned matter is DISMISSED.

_____

**JAMES GARDNER COLINS, Senior Judge**