J-A30041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CASTLE ROOFING AND CONSTRUCTION LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CLAIRE S. ELIZE | : | |
| | : | No. 905 MDA 2019 |
| Appellant | : | |

Appeal from the Judgment Entered June 21, 2019
In the Court of Common Pleas of Berks County Civil Division at No(s):
15 14321

BEFORE:   DUBOW, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED JANUARY 14, 2020**

This is an appeal filed by Claire S. Elize (Defendant) from a judgment entered by the Court of Common Pleas of Berks County (trial court) against her on a jury trial verdict in a mechanic's lien action brought by Castle Roofing and Construction LLC (Plaintiff).  For the reasons set forth below, we affirm.

In 2015, Plaintiff filed this action against Defendant seeking payment for work that it performed on Defendant's house in Reading, Pennsylvania. Plaintiff alleged in its complaint that Defendant had contracted in June 2014 with Plaintiff for Plaintiff to repair hail damage to Defendant's house, that Defendant agreed to pay $26,381.70 for the repairs and Defendant's insurer approved that amount, that Plaintiff performed the repair work, and that

---

[*] Retired Senior Judge assigned to the Superior Court.

Defendant had paid Plaintiff only $10,154.46. Complaint ¶¶5-12. Defendant admitted in her Answer that she contracted with Plaintiff, that her insurer approved $26,381.70 for the repairs, and that she paid Plaintiff only $10,154.46, but denied that she agreed to a contract price of $26,381.70 and alleged that Plaintiff failed to properly perform the work within a reasonable amount of time, requiring her to hire another contractor to complete the repairs. Answer ¶¶5-12, 16. At the time that Defendant's answer was filed, Defendant was represented by counsel, but counsel was later permitted to withdraw.

On April 11, 2019, a jury trial was held at which Defendant was not represented by counsel. Plaintiff's owner testified at trial and Defendant and her son, who resided in the house when the repair work was done, also testified. The jury returned a verdict in favor of Plaintiff, finding that Defendant had breached her contract with Plaintiff and that Plaintiff's damages were $14,000.

Defendant, acting *pro se*, filed a timely motion for post-trial relief. This post-trial motion asserted that the evidence was insufficient to support the verdict and that the verdict was against the weight of the evidence and excessive. Defendant's Post-Trial Motion ¶¶8-10. The relief that Defendant sought in the post-trial motion was judgment in her favor or, in the alternative, a remittitur. *Id.* at 2-3. On April 30, 2019, Plaintiff filed a motion requesting that the trial court summarily deny Defendant's post-trial motion with

prejudice on the ground that her failure to file a brief with the motion was a waiver of her right to seek post-trial relief. Defendant's motion did not assert any ground for denial of the post-trial motion other than the failure to file a brief.

On May 3, 2019, the trial court granted Plaintiff's motion and issued the following order, entered May 6, 2019:

> AND NOW, this 3rd day of May, 2019, upon consideration of the foregoing Motion to Dismiss and/or Deny Motion for Post-Trial Relief of Defendant, Claire S. Elize, it is hereby ORDERED, DECREED, and HELD, as follows:
> - Defendant, Claire S. Elize, timely filed a Motion for Post Trial Relief pursuant to Pa.R.C.P. 227.1;
> - As a matter of law, a movant seeking Post Trial Relief must support said request for relief with a written Brief;
> - Defendant, Claire S. Elize, did not submit a written Brief in support of her Motion;
> - Accordingly, Claire S. Elize has "waived" her right to seek post trial relief.
> - The Motion for Post Trial Relief filed by Defendant, Claire S. Elize, is not supported by the evidence and is hereby DENIED.

Trial Court Order. This order was the form of order submitted by Plaintiff, but the additional words "not supported by the evidence and is" in the last paragraph were written in by the trial court.

Defendant, represented by counsel, filed a motion for reconsideration on May 14, 2019, and when the trial court did not act on this motion, filed a notice of appeal on June 3, 2019. On June 20, 2019, this Court issued an order stating that there was no final judgment entered on the trial court docket and directing Defendant to praecipe for entry of judgment. On June 21, 2019,

Defendant file a praecipe for entry of judgment on the verdict and judgment was entered against Defendant in the amount of $14,000.

Defendant presents the following issues for our review: 1) whether the trial court erred in dismissing her post-trial motion for failure to file a brief; and 2) whether the trial court erred in denying the post-trial motion on the merits. Appellant's Brief at 6-8.[1]

We agree that the trial court could not properly dismiss or deny Defendant's post-trial motion for failure to file a brief. The Pennsylvania Supreme Court has made clear that the Pennsylvania Rules of Civil Procedure do not require a party to file a brief in support of a motion for post-trial relief and that a motion for post-trial relief cannot be dismissed for failure to file a brief unless the trial court has directed the party to file a brief and the party fails to comply. *Board of Supervisors of Willistown Township v. Main Line Gardens, Inc.*, 155 A.3d 39, 45 (Pa. 2017). In *Main Line Gardens*, the Supreme Court held:

> **Because Rule 227.1(b)(2) does not require supporting briefs, the failure to file a brief does not violate the rule, and neither the trial court nor the appellate courts may find waiver pursuant to the rule for failing to do so**. In its discretion, based upon its conclusion that it requires further advocacy on the issues, a trial court may request that the parties

---

[1] Defendant states these as six issues. Defendant's first two issues are in fact the single issue of whether denial of the post-trial motion for failure to file a brief was proper and Defendant in fact discusses them in a single section of her brief. The remaining four issues are all arguments with respect to the trial court's decision to rule on the merits of the post-trial motion and its rulings on the grounds asserted in the post-trial motion.

file briefs. In the event of non-compliance with such a request, it is for the trial court, again in its discretion, to find waiver or, alternatively, to overlook the noncompliance and rule on the merits of the issues presented.

***Id.*** (emphasis added).

The fact that Plaintiff based its motion on the contention that Berks County Local Rule of Civil Procedure 227.1(c) requires the filing of a brief in support of post-trial motions does not change this. A motion cannot be denied for failure to comply with a local rule without first providing notice of noncompliance and giving the party a reasonable period of time to comply with the local rule. Pa.R.J.A. 103(d)(8) ("No case shall be dismissed nor request for relief granted or denied because of failure to initially comply with a local rule. In any case of noncompliance with a local rule, the court shall alert the party to the specific provision at issue and provide a reasonable time for the party to comply with the local rule."); ***Schulz v. Celotex Corp.***, 669 A.2d 404, 405 (Pa. Super. 1996).

No order or request that Defendant file a brief had been issued by the trial court and no notice of noncompliance with Berks County's local rule was issued. Plaintiff's motion to summarily deny Defendant's motion for post-trial relief therefore did not set forth any valid basis for denial of Defendant's post-trial motion.

The trial court, however, did not deny Defendant's post-trial motion solely on the grounds asserted in Plaintiff's motion. Rather, the court also stated in the order that it denied the post-trial motion on the grounds that it

was "not supported by the evidence." In its opinion, the trial court explained that it denied Defendant's post-trial motion "primarily, as stated in the Order itself, because the evidence did not support Defendant's requested relief" and "upon the Court's determination that the evidence presented at trial did indeed support the jury's verdict and did not support Defendant's motion." Trial Court Opinion at 3, 5.[2]

Defendant's post-trial motion raised three issues: sufficiency of the evidence, weight of the evidence, and excessiveness of the verdict. The trial court did not err in rejecting each of these grounds for post-trial relief.

In an appeal challenging the sufficiency of the evidence at trial, this Court must view the evidence in the light most favorable to the verdict winner and give the verdict winner the benefit of every reasonable inference arising therefrom while rejecting all unfavorable testimony and inferences. *Livingston v. Greyhound Lines Inc.*, 208 A.3d 1122, 1130 (Pa. Super. 2019); *Dubose v. Quinlan*, 125 A.3d 1231, 1237-38 (Pa. Super. 2015), *aff'd*, 173 A.3d 634 (Pa. 2017); *Prieto Corp. v. Gambone Construction Co.*, 100 A.3d 602, 609 (Pa. Super. 2014). Questions of credibility and conflicts in evidence are for the jury to resolve. *Dubose*, 125 A.3d at 1238.

_____

[2] Moreover, even if the order on its face had only denied the motion on the incorrect ground of failure to file a brief, that would not require reversal. This Court may affirm a trial court's decision if there is a proper basis for the result reached, even if it is different than the basis relied upon by the trial court. *Generation Mortgage Co. v. Nguyen*, 138 A.3d 646, 651 n.4 (Pa. Super. 2016); *In re Estate of Rood*, 121 A.3d 1104, 1105 n.1 (Pa. Super. 2015).

The evidence at trial was undisputed that there was a contract for Plaintiff to repair Defendant's house, that Plaintiff performed repairs on Defendant's house pursuant to that contract, that Defendant stopped Plaintiff's workers from completing the work, and that Defendant did not fully pay Plaintiff for the repair work. N.T. at 48, 53-55, 58, 62-63, 67-68, 77-79, 81-85, 97-100; Ex. P-2. Plaintiff's owner testified that the work was properly performed, that all the work had been completed except final punch list items, and that Defendant prevented them from finishing those last items. N.T. at 55-61, 63-66. While Defendant and her son testified that the work was faulty and was not completed promptly and that she paid someone else to complete the repairs, *id.* at 79-81, 83-85, 93-94, 96, 99-100, the jury was not required to believe that testimony.[3]

With respect to weight of the evidence, this Court's review is limited to determining whether the trial court abused its discretion in denying a new trial. **Brown v. Halpern**, 202 A.3d 687, 703 (Pa. Super. 2019); **Corvin v. Tihansky**, 184 A.3d 986, 992 (Pa. Super. 2018). A party is not entitled to a new trial on weight of the evidence grounds where the evidence presented

---

[3] In addition, Defendant's request in her post-trial motion for judgment in her favor on this basis is barred by waiver. A party waives the right to seek judgment notwithstanding the verdict on the ground that the evidence is insufficient if she does not move for a nonsuit or directed verdict at trial or request a binding jury instruction. **Corvin v. Tihansky**, 184 A.3d 986, 990-92 (Pa. Super. 2018); **Haan v. Wells**, 103 A.3d 60, 68 (Pa. Super. 2014). Defendant did not make any such motion or request.

was conflicting and the fact-finder could have decided in favor of either party. **Brown**, 202 A.3d at 703; **Corvin**, 184 A.3d at 993. Here, the evidence as to whether Defendant breached the contract was conflicting and trial court thoroughly considered whether the jury's verdict was against the weight of the evidence and concluded that it was not. Trial Court Opinion at 5-6.

On Defendant's claim that the verdict was excessive, the question is whether the damage award falls within the limits of fair and reasonable compensation. **Renna v. Schadt**, 64 A.3d 658, 671 (Pa. Super. 2013); **Neal v. Bavarian Motors, Inc.**, 882 A.2d 1022, 1028 (Pa. Super. 2005). "A remittitur should fix the highest amount any jury could properly award, giving due weight to all the evidence offered." **Neal**, 882 A.2d at 1028 (quoting **Cashdollar v. Mercy Hospital of Pittsburgh**, 595 A.2d 70 (Pa. Super. 1991)). This Court's review is limited to determining whether the trial court abused its discretion in denying the remittitur. **Renna**, 64 A.3d at 671; **Neal**, 882 A.2d at 1029.

The only basis on which Defendant claims that the award was excessive is that Plaintiff did not complete all of the work. The trial court concluded that the $14,000 verdict was fair and reasonable because there was evidence that Plaintiff did most of the work and the verdict combined with the $10,154.46 that Defendant had already paid was less than the $26,381.70 estimate that Defendant's insurer approved. Trial Court Opinion at 5-6. The trial court thus

did not abuse its discretion in holding that Defendant was not entitled to a remittitur.

Defendant also contends that the trial court's summary ruling denied her the opportunity to brief and argue the post-trial motion to the trial court. This defect, however, was harmless. Defendant in her brief in this Court has not set forth any argument, legal issue, or evidence in the record that she would have submitted that the trial court did not fully consider or that raises any question as to the correctness of the trial court's conclusions. This was, moreover, a simple case with a single day of testimony and the trial court was thoroughly familiar with the testimony and other evidence at trial.

Because the trial court did not err or abuse its discretion in ruling that Defendant's post-trial motion should be denied on the merits, we affirm its judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/2020