J. S23032/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HARRY SCHLACHTERMAN AND KIMBERLY CALLAHAN, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES B. CALKINS ESQ., INDIVIDUALLY AND IN HIS CAPACITY AS GUARDIAN OF FRANK MARTZ HENRY AND ROBERT D. O'BRIEN, ESQ., AND GRIFFITH, STICKLER, LERMAN, SOLYMOS & CALKINS AND FRANK MARTZ HENRY | : | No. 2683 EDA 2019 |

Appeal from the Judgment Entered July 31, 2019,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. 170900799

BEFORE: NICHOLS, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          Filed: June 25, 2020

Harry Schlachterman ("Schlachterman") and Kimberly Callahan (collectively, "appellants") appeal from the July 31, 2019 judgment entered in the Court of Common Pleas of Philadelphia County in favor of Charles B. Calkins, Esq., individually and in his capacity as guardian of Frank Martz Henry ("Attorney Calkins"); Robert D. O'Brien, Esq. ("Attorney O'Brien"); Griffith,

Stickler, Lerman, Solymos & Calkins ("law firm"); and Frank Martz Henry

("Henry") (collectively, "appellees").[1]  We affirm.

The trial court set forth the following:

> [Schlachterman and Henry] were partners in a business.  [Schlachterman and Henry] entered into a lease with Axelrod-Giannascoli Realty Group ("Axelrod Realty").  The lease referred to [Schlachterman and Henry] as "Lessee."  The lease also contained a provision allowing Axelrod Realty to confess judgment against Lessee if Lessee breached the lease.  On November 17, 2009, Axelrod Realty confessed judgment against [Schlachterman and Henry] in the amount of $231,255.00.
>
> Following the Confession of Judgment, [Henry] through his attorneys, [Attorney Calkins] and [Attorney O'Brien] of [the law firm], litigated his own interests by filing the following motions:  an Emergency Motion to Strike the Judgment on December 1, 2011; a Motion to Open and/or Strike the Confessed Judgment and an Emergency Motion to Stay the Proceedings on December 5, 2011; a second Motion to Open and/or Strike the Confessed Judgment on January 31, 2012; and a Motion to Postpone the Sheriff's Sale on January 31, 2012.
>
> [] Henry also agreed to purchase the confessed judgment from Axelrod Realty, in exchange for a payment of $262,512.96. Accordingly, on February 8, 2012, Alexrod Realty filed an "Order to Satisfy Judgment Against [] Henry Only," which stated:  "To the Prothonotary:  Kindly mark the money judgment in favor of [Axelrod Realty] and against [Schlachterman and Henry] in the above matter SATISFIED as to [] Henry only, upon payment of your costs."  [] Henry and Axelrod Realty executed a written agreement, under which Axelrod Realty

---

[1] We have revised the caption to reflect that the appeal is properly taken from the judgment entered on the verdict on July 31, 2019.

- 2 -

purported to assign the $231,255.00 confessed judgment against [Schlachterman] to [Henry].

Thereafter, [Attorney] Calkins in his capacity as counsel for [] Henry, testified that he sought to collect half of the confessed judgment from [] Schlachterman by initiating litigation. In response, [] Schlachterman attempted to have the confessed judgment marked satisfied, claiming that [] Henry had already paid Axelrod Realty in full for the judgment.

Initially, the original Trial Court[2] upheld [] Henry's collection efforts. On April 7, 2014, the original Trial Court denied [] Schlachterman's Petition [to] Strike the Confessed Judgment. On April 17, 2014 the original Trial Court denied [] Schlachterman's Motion for Reconsideration of his Petition to Strike the Confessed Judgment. On February 20, 2015, the original Trial Court denied [] Schlachterman's Motion to Mark the Confessed Judgment as Satisfied. Eventually, however, [] Schlachterman filed a Motion for Reconsideration to Mark the Judgment as Satisfied, which the original Trial Court granted on March 11, 2015. [] Henry filed a Notice of Appeal.[Footnote 6]

> [Footnote 6] [] Henry passed away in October 2015, while the case was on appeal.

---

[2] Judge Nina Wright Padilla served as the trial court in the action that Axelrod-Realty Group initiated against Schlachterman and Henry seeking to eject them from the leased premises based on the confession of judgment. In the underlying action to this appeal, Judge Lori A. Dumas served as the trial court. In her Rule 1925(a) opinion, Judge Dumas refers to Judge Padilla as "the original trial court."

On January 21, 2016, the Superior Court issued an Opinion[3] deeming the purported assignment, to transfer the $231,255.00 confessed judgment from Axelrod Realty to [] Henry, invalid for lack of consideration. The Superior Court affirmed the original Trial Court's Order, marking as satisfied the judgment against [Schlachterman and Henry]. [Attorney] Calkins testified [at the trial in the action giving rise to this appeal] that after the Superior Court decision, he took no further action to collect a portion of the judgment from Schlachterman on behalf of his client, [] Henry.

. . . .

[Appellants] commenced this action by Writ of Summons on September 6, 2017. [Appellants] filed a Second Amended Complaint on August 27, 2018, which asserted the following counts against [appellees]: Wrongful Use of Civil Proceedings, 42 Pa.C.S.A. § 8351 (Count I), Abuse of Civil Proceedings (Count II), Wrongful Use of Civil Proceedings, 42 Pa.C.S.A. § 8351 (Count III), Malicious Use of Civil Proceedings (Count IV), Fraud (Count V), Intrusion into Seclusion (Count VI), Intentional Infliction of Emotional Distress (Count V[II]), and Loss of Consortium (V[III][)]. A bench trial was held on July 11, 2019 and July 12, 2019, after which th[e trial c]ourt entered a verdict in favor of [appellees] on all counts.

_____

[3] ***Axelrod-Giannascoli Realty Grp. v. Schlacterman***, 136 A.3d 1035 (Pa.Super. 2016) (unpublished memorandum) (holding that law does not support Henry's characterization of his payment to Axelrod-Realty as consideration for assignment of judgment, and trial court did not err in marking judgment satisfied as to Schlachterman and Henry).

We note inconsistencies in the spelling of "Schachterman" in the previous appeal at table citation 136 A.3d 1035. There, the caption reads "S-c-h-l-a-c-t-e-r-m-a-n," which is reflected on the notice of appeal, but other filings in the appellate docket in that appeal spell the name "S-c-h-l-a-c-h-t-e-r-m-a-n."

> On July 22, 2019, [appellants] filed a Motion for Reconsideration, to which [appellees] filed a Response in Opposition on July 24, 2019. After considering the evidence and legal arguments presented, th[e trial c]ourt denied [appellants'] Motion on July 26, 2019. On August 12, 2019, [appellants] filed a Notice of Appeal. On September 26, 2019, th[e trial c]ourt filed an Order pursuant to Pa.R.A.P. 1925(b), instructing [appellants] to file a Concise Statement of Errors Complained of on Appeal. On October 16, 2019, [appellants complied]. On October 28, 2019, [appellants] filed an Amended Statement of Errors.

Trial court opinion, 11/21/19 at 2-5 (citations to the record and the Superior Court memorandum, record citations, and footnotes 2, 3, 4 omitted; some brackets in original).

On November 1, 2019, this court entered an order directing appellants to show cause as to why their appeal should not be dismissed for filing a motion for reconsideration, as opposed to the requisite post-trial motion pursuant to Pa.R.A.P. 227.1, within ten days. Appellants timely complied. After reviewing appellants' motion for reconsideration and their response to rule to show cause, we conclude that the motion for reconsideration was the functional equivalent of a post-trial motion. *See **Gemini Equip. Co. v. Pennsy Supply, Inc.**,* 595 A.2d 1211, 1214 (Pa.Super. 1991) (declining to

construe rules of civil procedure so narrowly so as to permit minor procedural error to effect litigant's substantive rights).[4]  This appeal is ripe for our review.

Appellants raise the following issues for our review:

1.     Whether the [t]rial [c]ourt erred and/or abused its discretion in finding in favor of [a]ppellees and against [a]ppellants in their claim under 42 Pa.C.S.A. §8351 ***et seq***[*.*], where the evidence and record clearly establish[] that [a]ppellees procured, initiated, and continued civil proceedings against [a]ppellants in a grossly negligent manner and without probable cause, and for purposes other than securing an adjudication against them, and whhere [sic] the underlying proceedings terminated in favor of [a]ppellants[?]

2.     Whether the [t]rial [c]ourt erred and/or abused its discretion in determining [a]ppellees were conducting lawful discovery and therefore were justified in their purpose and not liable to [a]ppellants under 42 Pa.C.S.A. §8351 ***et seq***[*.*], where [a]ppellees had no legally cognizable claim to enforce, and even if they had, their methods were improper and illegal and sought to contravene clearly defined legal procedures[?]

Appellants' brief at 3.

It is well settled that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."  Pa.R.A.P. 302(a).  We further note that "[t]o maximize our efficiency and to maintain and enhance

---

[4] We recognize that an appeal does not lie from the denial of a motion for reconsideration and that the filing of a motion for reconsideration does not extend the time to file an appeal.  In this case, however, all actions were taken within 30 days of the verdict and the appeal was filed within 30 days of the entry of judgment.

the quality of our dispute resolution process, strict compliance with the procedures designed for issue preservation is essential." ***Dollar Bank v. Swartz***, 657 A.2d 1242, 1245 (Pa. 1995).

> Post-trial motions serve an important function in the adjudicatory process because they provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review. In 1984, this court adopted Rules 227.1 through 227.4 to establish uniform procedures for post-trial relief in actions at law and equity, and actions tried with or without a jury. Rule 227.1 addresses waiver at the trial court level, as a matter of the trial court's post-trial power. Rule 227.1(b) establishes that issues not preserved . . . in post-trial motions . . . are waived. As this Court ruled in ***Lane Enterprises, Inc. v. L.B. Foster Co.***, [] 551 Pa. 306, 710 A.2d 54), Rule 227.1 "requires parties to file post-trial motions in order to preserve issues for appeal," and "[i]f an issue has not been raised in a post-trial motion, it is waived for appeal purposes."

***Bd. of Supervisors of Willistown Twp. v. Main Line Gardens, Inc.***, 155 A.3d 39, 44 (Pa. 2017) (some citations and quotation marks omitted).

Here, in their motion for reconsideration, appellants complained that the non-jury trial was not in compliance with Pa.R.Civ.P. 1038(a), which requires the trial court to conduct a non-jury trial "as nearly as may be as a trial by jury" and which affords the parties "like rights and privileges" as those afforded in a jury trial. (Appellants' motion for reconsideration, 7/22/19 at 1-2, ¶ 1.) Appellants then claimed that the trial court erred in permitting appellees' witnesses to testify beyond the scope of appellants' direct examination and in limiting appellants' direct examination; in "not specifically

spell[ing] out" the extent to which the record in the action styled ***Axelrod-Giannascoli Realty Grp.***, ***supra***, was inadmissible; and in not permitting appellants to fully develop evidence to support their claims. (***Id.*** at 2, ¶¶ 3, 5.[5])

In their Rule 1925(b) statement and their amendment thereto, appellants challenged the weight and sufficiency of the evidence. Indeed, in their brief to this court, appellants raise weight and sufficiency challenges. Appellants, however, did not raise weight and sufficiency challenges in their motion for reconsideration. Therefore, appellants waive their issues on appeal. ***See*** Pa.R.A.P. 302(a); ***see also Bd. of Supervisors of Williston Twp.***, 155 A.3d at 44.

Judgment affirmed.


Nichols, J. joins this Memorandum.

McCaffery, J. concurs in the result.

---

[5] Appellants' motion for reconsideration of assignment of error at paragraph 4 reads, "Contrary to the assertions of [appellees], the question of equity to Henry is not the matter before th[e trial c]ourt. It is purely the actions of [appellees] in seeking to enforce a satisfied judgment that are being tried. No actions are attributed to Henry, who for much of the action was adjudged an [i]ncapacitated [p]erson. No service was attempted on Henry, or his estate." (Appellants' motion for reconsideration, 7/22/19 at 2, ¶ 4.)

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/25/20</u>