J-A29022-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN R. LEWIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| THE PHILLIPS GROUP OF MARYLAND, | : | No. 641 MDA 2020 |
| LLC | : | |

Appeal from the Judgment Entered March 18, 2020,
in the Court of Common Pleas of Dauphin County,
Civil Division at No(s):  2013-CV-06343-NT.

| | | |
|---|---|---|
| JOHN R. LEWIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| THE PHILLIPS GROUP OF MARYLAND, | : | No. 642 MDA 2020 |
| LLC | : | |

Appeal from the Judgment Entered March 18, 2020,
in the Court of Common Pleas of Dauphin County,
Civil Division at No(s):  2013-CV-06344-NT.

BEFORE:  DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

JUDGMENT ORDER BY KUNSELMAN, J.:          **FILED JANUARY 25, 2021**

John R. Lewis appeals from the judgment in favor of the now-defunct Defendant, The Phillips Group of Maryland, LLC ("Phillips MD"), following a bench trial.  We affirm, because Mr. Lewis's waived all his appellate claims.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Mr. Lewis, a former co-owner of Phillips MD, made three loans to the company. He and the other co-owners later agreed to subordinate two of those loans behind a $1,000,000 loan from a co-owner. The company went out of business and sold its assets without repaying the $1,000,000 loan and two of Mr. Lewis's loans. Because the $1,000,000 loan held priority of place, and Phillips MD lacked the assets to repay it in full, the trial court ruled Mr. Lewis could not collect on either of his two outstanding loans. Mr. Lewis filed post-trial motions, which the trial court denied. This timely appeal followed.

Mr. Lewis raises the following three issues on appeal:

A.    Did the [trial] court err in enforcing a Unanimous Consent Agreement to subordinate [Mr. Lewis's loans], where the subordinated [loans purported] to "be unconditional and shall not be affected in any manner by any indulgence, extension of time, renewal, waiver or modification granted or consented to by Payee"?

B.    Did the [trial] court err in enforcing the Unanimous Consent Agreement against [Mr. Lewis] where the [$1,000,000 loan] was due, owing, and in default on March 15, 2003; was never extended; and collection thereon had long since been precluded by the applicable statute of limitations?

C.    Did the [trial] court err in finding that the evidence presented at trial was that [Phillips MD] only had $938,000 available to pay its debts when [its] own valuation expert opined that the value of its assets at the time of sale was $1,215,000?

Lewis's Brief at 4. We address each issue in turn.

First, Mr. Lewis claims the trial court erroneously subordinated his two loans to the $1,000,000 loan, because of certain language in his loans. In its opinion, the trial court observed "that [Mr. Lewis] did not cite any case law that holds that a

signed agreement was unable to be modified by a later signed agreement between the same parties due to language in the first agreement." Trial Court Opinion, 3/18/20, at 3. The trial court then relied upon *Empire Properties Inc. v. Equireal, Inc.*, 674 A.2d 297, 303 (Pa. Super. 1996), for the proposition that the common law of contracts allows loan modifications such as the one in the parties' Unanimous Consent Agreement.

Instead of arguing that the trial court misapplied the law of contracts, Mr. Lewis raises a new theory on appeal, namely, that the trial court ignored the Uniform Commercial Code, 13 Pa.C.S.A. §§ 1101-9342. **See** Lewis's Brief at 13-14. Mr. Lewis never mentioned the U.C.C. in the trial court. Yet, he now attempts to convert his entire cause of action from one under the common law of assumpsit to a statutory claim. Under the Rules of Appellate Procedure, however, "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Hence, whether Mr. Lewis's two loans were "negotiable instruments" pursuant to the U.C.C. is waived, because he failed to raise this argument below.

Second, Mr. Lewis argues the statute of limitations bars Phillips MD from repaying the $1,000,000 loan. Critically, he bases this argument on facts that the trial court rejected — *i.e.*, "the statute of limitations began to run on [March 15, 2003] and collection on the [$1,000,000 loan] became time barred on March 15, 2007." Lewis's Brief at 15. The trial court found that the "uncontradicted testimony . . . made clear that the [$1,000,000 loan] had been extended, and it was not due

- 3 -

and owing on March 25, 2003, but remained due and owing until the time of the sale of [Phillips MD]." Trial Court Opinion, 3/18/20, at 4.

To challenge the factual findings of a trial court, an appellant must argue and convince this Court that the allegedly erroneous "findings of fact are not supported by competent evidence in the record . . . ." ***J.J. DeLuca Co. v. Toll Naval Assocs.***, 56 A.3d 402, 410 (Pa. Super. 2012). Mr. Lewis makes no such contention and thereby leaves his appellate argument undeveloped. "When an appellant's argument is underdeveloped, we may not supply [him] with a better one . . . instead, we will deem the issue to be waived." ***Commonwealth v. Pi Delta Psi, Inc.***, 211 A.3d 875, 884–85 (Pa. Super. 2019), *appeal denied*, 221 A.3d 644 (Pa. 2019) (quotation omitted).

Finally, Mr. Lewis contends the trial court made an erroneous, factual finding regarding Phillip MD's net worth at the time of its sale. Phillips MD and the trial court believe Mr. Lewis waived this claim by failing to argue it in his brief in support of post-trial motions. ***See*** Phillips MD's Brief at 27-29; Trial Court Opinion, 3/18/20, at 2 (citing ***Willistown Twp. v. Main Line Gardens, Inc.***, 155 A.3d 39, 45 (Pa. 2017)). We agree. "[I]t is for the trial court, in its discretion, to find waiver or, alternatively, to overlook the noncompliance and rule on the merits of the issues presented." ***Willistown*** 155 A.3d at 45. Here, the trial court deemed Mr. Lewis's non-compliance with its briefing order to warrant waiver, and he does not challenge that decision as an abuse of discretion. Thus, the waiver finding of the trial court is now final. ***See id.***

Judgment affirmed.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/25/2021