## Dacar Chemical Products Co.
## v. Comtech Industries Inc.

C.P. of Allegheny County, no. GD00-19687.

*Dorothy A. Davis* and *David W. Gray,* for plaintiff.
*Kathleen Smith-Delach,* for defendant.

WETTICK, *J.,* April 23, 2001—Defendant has filed an appeal to the Superior Court of Pennsylvania from a December 15, 2000 court order which I entered denying defendant's request to file an appeal from a district justice judgment nunc pro tunc. This opinion setting forth the reasons for my ruling is filed pursuant to Pa.R.A.P. no. 1925.

Dacar Chemical Products Company filed a complaint with District Justice Daniel R. Diven at CV-0000319-00 to recover money due for chemicals described in invoices that were allegedly delivered to defendant. At the same time, Dacar filed a second complaint with District Justice Diven at CV-0000320-00 to recover money due for chemicals described in other invoices that were allegedly delivered to defendant.

District Justice Diven heard both complaints on October 19, 2000. At CV-0000319-00, he entered a judgment for Dacar in the amount of $7,941.66. At CV-0000320-00, he entered a judgment for Dacar in the amount of $7,020.08.[1]

Defendant filed a timely appeal from the judgment entered at CV-0000320-00. However, no, appeal was filed as to the judgment entered at CV-0000319-00. On November 27, 2000, Dacar filed a praecipe for entry of judgment with the prothonotary of Allegheny County

---

1. Defendant's petition refers to other litigation between the parties in this court at GD00-13965. Prior to the entry of the district justice judgment, defendant Comtech Industries Inc. had filed in this other litigation an answer, new matter, and counterclaim. This pleading was filed on behalf of Comtech by the law firm of Phillips & Faldowski.

resulting in entry of a judgment in its favor in these proceedings at GD00-19687 in the amount of $7,941.66 plus interest and costs.

Defendant's petition alleges that Mr. Grose, defendant's president, appeared at the district justice proceedings without counsel. He contacted counsel upon receiving the results of the district justice hearing. He was instructed by counsel to bring in all papers with regard to what had occurred at the district justice hearing.

Mr. Grose brought to the attention of his lawyers only the papers for the district justice proceedings filed at CV-0000320-00. He neglected to furnish papers regarding the action at CV-0000319-00, so his attorneys did not know that there had been two proceedings. Thus, they filed an appeal only from the judgment entered at CV-0000320-00. Defendant's counsel allege that they would also have filed an appeal from the other judgment if they had known of these other proceedings. The petition to open further alleges that the defenses raised in the action at GD00-13965 are valid defenses to the invoices for which plaintiff sought recovery at both CV-0000319-00 and CV-0000320-00. In its petition, defendant requested that I instruct the prothonotary to accept an appeal nunc pro tunc and that I open and/or strike the judgment entered at GD00-19687.

There is no basis for striking the judgment. A judgment debtor may not attack a judgment entered by a district justice through a petition filed in the common pleas court to open that judgment. *Anderson v. Centennial Homes Inc.,* 406 Pa. Super. 513, 518, 594 A.2d 737, 740 (1991).

I now consider the request that I permit an appeal nunc pro tunc.

Plaintiff relies on the final sentence of Pa.R.C.P.D.J. no. 1002A, which provides "[t]he prothonotary shall not accept an appeal from the aggrieved party which is presented for filing more than 30 days after the date of judgment without leave of court and *upon good cause shown*." (emphasis added) It is defendant's position that defendant was entitled to create a record to convince me that defendant had a reasonable explanation or legitimate excuse for its failure to file a timely second notice of appeal. I did not give defendant the opportunity to submit evidence that might establish a reasonable explanation or legitimate excuse for its failure to file an appeal from the second district justice judgment because I believe that the "good cause shown" requirement of Rule 1002A requires a showing of fraud, a breakdown in the court machinery, or extraordinary circumstances.

Prior to June 25, 1992, District Justice Rule 1002 read as follows:

*"Rule 1002. Time And Method Of Appeal*

"A party aggrieved by a judgment may appeal therefrom within 30 days after the date of the judgment by filing with the prothonotary of the court of common pleas a notice of appeal on a form which shall be prescribed by the state court administrator.

*"Note*

"The 30-day limitation in this rule is the same as that found in the Judicial Code, section 5571(b), 42 Pa.C.S. §5571(b), as amended by section 10(67) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202,

no. 53. The method of appeal is by filing with the prothonotary a 'notice of appeal' on a form to be prescribed by the state court administrator. Copies of this same form will be used for service under Rule 1005. This permits use of the same form for filing and service. No useful purpose would be served by having two forms, one called an 'appeal' for filing and another called a 'notice of appeal' for service. No transcript of the record of the proceedings before the district justice is to be filed on appeal, for the proceedings on appeal are de novo."

Through a March 27, 1992 amendment, effective June 25, 1992, Rule 1002 was amended to read in its entirety as follows:

*"Rule 1002. Time And Method Of Appeal*

"A party aggrieved by a judgment may appeal therefrom within 30 days after the date of the judgment by filing with the prothonotary of the court of common pleas a notice of appeal on a form which shall be prescribed by the state court administrator. *The prothonotary shall not accept an appeal from an aggrieved party which is presented for filing more than 30 days after the date of judgment without leave of court and upon good cause shown.* (new—emphasis added)

*"Note*

"The 30-day limitation in this rule is the same as that found in the Judicial Code, section 5571(b), 42 Pa.C.S. §5571(b), as amended by section 10(67) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, no. 53. The method of appeal is by filing with the prothonotary a 'notice of appeal' on a form to be prescribed by the state court administrator. Copies of this same

form will be used for service under Rule 1005. This permits use of the same form for filing and service. No useful purpose would be served by having two forms, one called an 'appeal' for filing and another called a 'notice of appeal' for. service. No transcript of the record of the proceedings before the district justice is to be filed on appeal, for the proceedings on appeal are de novo."

Paragraph 20 of explanatory comment—1992 to Pa.R.C.P.D.J. no. 206 explains the reason for the amendment to Rule 1002: "Rule 1002 shifts the burden to allow an untimely appeal from the appellee to the appellant by providing that the prothonotary shall not accept an appeal from an aggrieved party which is presented for filing more than 30 days after the date of judgment without leave of the court and upon good cause shown."

Through a March 28, 1996 amendment, effective March 29, 1996, Rule 1002 was amended to read as follows:

*"Rule 1002. Time And Method Of Appeal*

*"(A)* A party aggrieved by a judgment for money, or a judgment affecting the delivery of possession of real property arising out of a nonresidential lease, may appeal therefrom within 30 days after the date of the entry of the judgment by filing with the prothonotary of the court of common pleas a notice of appeal on a form which shall be prescribed by the state court administrator together with a copy of the notice of judgment issued by the district justice. The prothonotary shall not accept an appeal from an aggrieved party which is presented for filing more than 30 days after the date of

judgment without leave of court and upon good cause shown.

"*(B)* A party aggrieved by a judgment for the delivery of possession of real property arising out of a residential lease may appeal therefrom within 10 days after the date of the entry of judgment by filing with the prothonotary of the court of common pleas a notice of appeal on a form which shall be prescribed by the state court administrator, together with a copy of the notice of judgment issued by the district justice. The prothonotary shall not accept an appeal from an aggrieved party which is presented for filing more than 10 days after the date of judgment without leave of court and upon good cause shown.

"*Note*

"The 30-day limitation in subdivision A of this rule is the same as that found in the Judicial Code, section 5571(b), 42 Pa.C.S. §5571(b), as amended by section 10(67) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, no. 53. The 10-day limitation in subdivision B of this rule is designed to implement the time for appeal set forth in section 513 of the Landlord and Tenant Act of 1951 (Act no. 1995-33, approved July 6, 1995). The two subdivisions of this rule are intended to clarify that where the right of possession of residential real estate is at issue, the shorter, 10-day period for appeal applies; where the judgment from which the appeal is taken is a judgment only for money or a judgment affecting a nonresidential lease, under these rules, the 30-day period of time for appeal applies."

As the note states, the amendment was made because of the amendments to the Landlord and Tenant Act (68

P.S. §250.513) which require an appeal to a common pleas court from a judgment of a lower court involving a right of possession arising out of a residential lease to be filed within 10 days after the entry of the judgment.

Prior to the 1992 amendment to Rule 1002, the case law provided that a common pleas court may not permit an appeal nunc pro tunc from a district justice judgment in the absence of fraud or a breakdown in the court machinery. See *Goldberg v. Goldberg,* 315 Pa. Super. 333, 461 A.2d 1307 (1983):

"The judiciary has little power to alter times affixed by the legislature for filing appeals. . . . Statutory provisions for appeal must be strictly complied with, . . . mere hardship will not warrant appeals nunc pro tunc or any extension of the period within which to file an appeal. . . . Only two exceptions permitting appeals nunc pro tunc can be carved from these nearly impenetrable rules: (1) where a party is prevented from filing a timely appeal due to a breakdown or fraudulent activity within the court system; . . . and, (2) where a criminal defendant's failure to file an appeal is the result of his counsel's ineffectiveness." *Id.* at 336, 461 A.2d at 1308-1309. (citations omitted)

Defendant contends that the fraud/breakdown in the court machinery standard is no longer applicable because of the provision within amended Rule 1002 that the prothonotary shall not accept an appeal, which is presented for filing more than 30 days after the date of judgment, without leave of court "upon good cause shown." Defendant contends that this amendment directs the courts to utilize a "cause shown" standard.

I reject this reading of Rule 1002 for several reasons.

First, according to the explanatory note, the purpose of the amendment was to shift the burden from the appellee to the appellant. The note does not suggest that it was to relax the appellant's burden. Consequently, the language "upon good cause shown" simply means that a notice of appeal may not be filed more than 30 days after the entry of the district justice judgment unless the court, applying the existing legal standard, permits an appeal nunc pro tunc.

Second, the first sentence of the note to each of the three versions of Rule 1002 states that the "30-day limitation period in [subdivision A of] this rule is the same as that found in the Judicial Code, section 5571(b) . . . ." Section 5571(b) has not been amended. Thus, if the 1992 amendment to Rule 1002 was intended to adopt a more liberal standard, there would have been either a modification of this sentence of the note or an explanation as to how a more relaxed standard for permitting a late appeal is now consistent with section 5571(b).

Third, I would not have expected the Supreme Court, without any explanation in its explanatory note, to alter a standard for permitting a late appeal (breakdown in the court machinery/fraud) that is utilized in construing virtually all rules of procedure and legislation setting appeal deadlines. See *e.g., Union Electric Corp. v. Board of Property Assessment, Appeals and Review of Allegheny County,* 560 Pa. 481, 746 A.2d 581 (2000); *Appeal of Richard Greist,* 431 Pa. Super. 188, 636 A.2d 193 (1994); *Lough v. Spring,* 383 Pa. Super. 85, 556 A.2d 441 (1989); *Morrisons Cove Home v. Blair County Board of Assessment Appeals,* 764 A.2d

90 (Pa. Commw. 2000), and *Smith v. PennDOT,* 749 A.2d 1065 (Pa. Commw. 2000).

Fourth, the filing of an appeal from a district justice judgment to the common pleas court is governed by 42 Pa.C.S. §5571(b), which provides that "an appeal from a tribunal or other government unit to a court . . . must be commenced within 30 days after the entry of the order from which the appeal is taken." While section 5571(a) provides that the "time for filing an appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review of a quasi-judicial order, in the Supreme Court, the Superior Court or the Commonwealth Court shall be governed by general rules," it provides for the 30-day statutory appeal period within 42 Pa.C.S. §5571(b) to govern appeals to other courts. Since it is the legislature, rather than the Supreme Court, that sets the appeal period for appeals of district justice judgments, it is questionable whether the Pennsylvania Supreme Court would have the authority to promulgate a general rule that substantially waters down the statutory 30-day appeal period by utilizing a standard that permits a common pleas court to allow a late appeal without a showing of exceptional circumstances. See generally, *Stellar Construction Inc. v. Sborz,* 561 Pa. 124, 128, nn.4, 5, 748 A.2d 667, 669 nn.4, 5 (2000). Thus, without clearer language, Rule 1002 should not be construed to establish an appeal period that may conflict with section 5571(b).[2]

Finally, defendant's reliance on *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979), is mis-

2. As I previously discussed, the 1995 amendments to the Landlord and Tenant Act (68 P.S. §250.513(b)) require an appeal to the common pleas court of a district justice judgment involving an action for the

placed because *Bass,* as construed in later opinions, is limited to extraordinary circumstances. See *Union Electric Corp. v. Board of Property Assessment, Appeals and Review of Allegheny County,* 560 Pa. 481, 746 A.2d 581, 583 (2000); *Commonwealth v. Stock,* 545 Pa. 13, 18, 679 A.2d 760, 763 (1996). Also, the *Bass* opinion was construing a general rule promulgated pursuant to 42 P.S. §5571(a) governing the filing of an appeal from the Commonwealth Court to the Supreme Court. The Supreme Court's construction of a general rule that the Supreme Court was authorized by statute to promulgate does not necessarily apply to appeals from a district justice judgment to a common pleas court, because section 5571(b)'s 30-day appeal period, rather than an appeal period provided in a general rule, governs this matter.

In summary, I entered my order of court denying defendant's petition to strike/open a district justice judgment or to permit an appeal of a district justice judgment nunc pro tunc because the appeal was not timely filed and defendant is not claiming that there was fraud, a breakdown in the court machinery, or any other extraordinary circumstances.[3]

---

recovery of possession of real property arising out of a residential lease to be filed within 10 days. The same issues will arise if the losing party seeks to file an appeal later than 10 days after the entry of the judgment upon a showing of a reasonable explanation or legitimate excuse for the failure to file a notice of appeal within 10 days.

3. While a court has limited power to alter the time for filing an appeal, more relaxed standards govern the granting of an appeal nunc pro tunc where the appellant filed a timely appeal but failed to meet other requirements for perfecting an appeal. See *McKeown v. Bailey,* 731 A.2d 628 (Pa. Super. 1999); *Quarato v. Facelifters Ltd.,* 305 Pa. Super. 536, 451 A.2d 777 (1982).