GLADSTONE PARTNERS, LP as Successor in Interest to PCA Corporation, Appellee

v.

OVERLAND ENTERPRISE, INC., c/o Kyle Knosp, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 27, 2008.
Filed June 2, 2008.

James R. Scallion, Drums, for appellant.

Jonathan A. Lang, Drums, for appellee.

BEFORE: FORD ELLIOTT, P.J., DONOHUE, and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Overland Enterprise, Inc., c/o Kyle Knosp, (Overland), appeals the order entered on January 31, 2007, in the Court of Common Pleas of Luzerne County, that struck off as untimely the appeal of Overland from a judgment entered against it by a district justice. Upon review, we affirm.

¶ 2 The relevant facts and procedural history of this case are as follows: On June 30, 2006, Gladstone Partners, L.P., (Gladstone), successor in interest to PCA Corporation, lessor of a commercial lease held by Overland, initiated suit against Overland in magisterial district court to obtain monies owed for back rent and to obtain possession of the leased property. The magisterial district court found in favor of Gladstone as to both damages and possession and issued a judgment in favor of Gladstone on August 4, 2006. Thereafter, Overland filed a praecipe for writ of *certiorari* of the magisterial district court's decision with the Luzerne County Court of Common Pleas and a petition for special relief.[1]

---

1. Overland's petition for special relief re- quested the trial court to entertain *certiorari*

¶ 3 The trial court issued a writ of *certiorari* to the magisterial district court, and a hearing on the writ was held on October 16, 2006, before the trial court.[2] Thereafter, on October 25, 2006, the trial court entered the following order:

AND NOW, this 25th day of October 2006, after review, and after oral argument, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. The Petition for Special relief filed on behalf of [Overland], insofar as it relates to the amount of the judgment entered by the [magisterial district court] in the above-captioned matter on August 4, 2006, is GRANTED.

2. The judgment amount entered by the [magisterial district court] in the above-captioned matter, in the amount of $36,148.35 is rescinded, and judgment in the amount of $7,648.35 is entered on behalf of [Gladstone] and against [Overland].

3. The Prothonotary is hereby directed to mail notice of the entry of this Order to all counsel of record pursuant to Pa.R.C.P. 236

BY THE COURT:

/s/ Hon. Hugh Mundy

Record 53, Exhibit 38 (Trial court order, 10/25/2006).

¶ 4 Overland did not seek reconsideration of the trial court's order, and it did not appeal the trial court's order to this Court. Instead, on November 17, 2006, Overland sought review of the magisterial district court's judgment a second time by filing an appeal *de novo* from the judgment to the Luzerne County Court of Common Pleas.[3] Gladstone responded to Overland's appeal by filing a motion to strike Overland's appeal as untimely.

¶ 5 The trial court conducted a hearing on Gladstone's motion on January 31, 2007, and, at the conclusion of the hearing, the trial court struck off Overland's appeal as untimely. Thereafter, Overland filed a notice of appeal to this Court.[4] The trial court ordered Overland to file a concise statement of matters complained of on appeal, and it complied. Thereafter, the trial

review of the magisterial district court's judgment without the requirement that Overland post bond and also asserted that Gladstone lacked standing to institute the landlord-tenant action.

2. The writ of *certiorari* and its related matters were docketed at number 9528 of 2006, Luzerne County Civil Docket.

3. The appeal *de novo* was docketed at number 12648 of 2006, Luzerne County Civil Docket.

4. We note that, after entry of the trial court's January 31, 2007 order, Overland filed a praecipe to reinstate the writ of *certiorari* prior to filing its notice of appeal to this Court. In response, Gladstone filed a motion to quash Overland's praecipe. The trial court conducted a hearing on the matter, and on February 8, 2007, it ruled that *certiorari* review and relief had been granted in Overland's favor previously by virtue of the trial court's October 25, 2006 order. Overland attempted to appeal the February 8, 2007 order to this Court at 427 MDA 2007. On its notice of appeal, Overland listed the trial court docket number as 12648 of 2006. However, as stated above, the docket number for the *certiorari* proceedings was Luzerne County Civil Docket number 9528 of 2006. Consequently, Overland's appeal was quashed by this Court due to the fact that the trial court did not enter an order on February 8, 2007, at docket number 12648 of 2006. *See Gladstone Partners, L.P. v. Overland Enterprise, Inc.*, 427 MDA 2007 (Pa.Super. filed 7/17/2007) (unpublished order). We denied reconsideration of our July 17, 2007 order because Appellant failed to correct the defect in its notice of appeal. *See Gladstone Partners, L.P. v. Overland Enterprise, Inc.*, 427 MDA 2007 (Pa.Super. filed 8/6/2007) (unpublished order). As such, the propriety of the trial court's October 25, 2006 order is not before this Court.

court authored an opinion that addressed the issues presented in Overland's concise statement.

 ¶ 6 Overland's sole issue on appeal is that the trial court abused its discretion by striking his appeal *de novo* of the magisterial district court's judgment because the remedies of an appeal *de novo* and writ of *certiorari* can and do exist simultaneously, and, as such, the time for taking an appeal *de novo* is tolled while *certiorari* proceedings are pending. As Overland's issue presents a pure question of law, our standard of review is *de novo* and our scope of review is plenary. *See Hartford Ins. Co. v. O'Mara,* 907 A.2d 589, 593 (Pa.Super.2006).

 ¶ 7 In Pennsylvania, the purpose of an appeal *de novo* is to give a litigant a new trial without reference to the record established in the minor court, whereas *certiorari* connotes a review of the record established in the minor court with an eye to cure defects in procedure and legal error. *See* Pa.R.C.P.M.D.J. 1001 (definition of "appeal" and "*certiorari*"); *see also, Commonwealth v. Speights,* 353 Pa.Super. 258, 509 A.2d 1263, 1264 n. 2 (1986) (explanation of difference between appeal *de novo* and *certiorari*); *see also Laska v. Zelazowski,* 134 Pa.Super. 311, 4 A.2d 207, 209 (1939) (purpose of *certiorari* is to cure judgment entered without adequate procedural predicate). The Pennsylvania Constitution does not guarantee to a litigant the remedy of *certiorari* review, but, rather, the Judicial Code permits the courts of common pleas to issue writs of *certiorari* as they had done at common law. *See, e.g.,* 42 Pa.C.S.A. § 934. As such, the

appellate courts of this Commonwealth have described *certiorari* review as an *alternative* to an appeal *de novo.* *See Speights,* 509 A.2d at 1264 n. 2.

¶ 8 Pennsylvania Magisterial District Judge Rule 1015 expressly prohibits a litigant from availing themselves of both the remedies of an appeal *de novo* and *certiorari* review. The Rule states the following:

> A judgment may not be the subject of both *certiorari* and appeal. The prothonotary shall mark stricken from the record any writ of *certiorari* concerning a judgment as to which an appeal is pending if proof of service of copies of the notice of appeal has been filed. If the appeal is stricken or voluntarily terminated, the writ of *certiorari* shall be reinstated upon praecipe of the party obtaining the writ.

¶ 9 The explanatory note to the Rule reveals that, in all cases, the remedy of appeal *de novo* takes precedence over *certiorari* review due to the guarantee of the right to appeal found in Art. V § 9 of the Pennsylvania Constitution.[5] Pa. R.C.P.M.D.J. 1015 note. Thus, the simultaneous filing of an appeal *de novo* and a praecipe for writ of *certiorari* will result in the striking of the writ if it is later granted by the court of common pleas. *Id.* Further, the explanatory note to Rule 1015 also reveals that, in the rare case where one party appeals *de novo* and the other party seeks *certiorari,* the writ of *certiorari* would be stricken in favor of the appeal *de novo.* Therefore, contrary to Overland's argument, the remedies cannot and would not exist simultaneously. As such,

---

**5.** We recognize that we are not bound by the explanatory notes contained within the Rules of Civil Procedure. *See Rieser v. Glukowsky,* 435 Pa.Super. 530, 646 A.2d 1221, 1225 (1994). However, the explanatory notes are persuasive authority in a court's interpreta-

tion of the meaning of the rule. *Id.,* 646 A.2d at 1225. This is especially true where the explanation given in the note is consistent with the language of the rule. *Id.,* 646 A.2d at 1225.

we conclude that Rule 1015 clearly requires a litigant desiring to challenge a magisterial district court's judgment to choose either to appeal *de novo* to the court of common pleas or to seek *certiorari* review in the court of common pleas. *Cf. Speights,* 509 A.2d at 1264 n. 2 (*certiorari* review is an alternative procedure to appeal *de novo*).

■ ¶ 10 Likewise, we are not convinced by Overland's assertion that the grant of a writ of *certiorari* tolls the time for the filing of an appeal *de novo*. It is a well-settled principle of the appellate law of this Commonwealth that courts cannot extend appeal deadlines without a showing on the part of the putative appellant of the existence of a breakdown in the processes of the court or fraud that would justify an appeal *nunc pro tunc. See Dacar Chem. Prods. v. Comtech Indus. Inc.,* 52 Pa. D. & C. 4th 326, 334 (C.P.Allegheny, 2001). The Magisterial District Judge Rules state the time limits for seeking appeal *de novo* and *certiorari* review with specificity. A party challenging the subject matter or procedural jurisdiction of a magisterial district court *via* writ of *certiorari* may do so at *any time* after entry of the magisterial district court's judgment; otherwise, the time limit for seeking *certiorari* review is 30 days following entry of judgment. *See* Pa.R.C.P.M.D.J. 1009B. Whereas, a party appealing *de novo* to the court of common pleas is constrained by a 30–day time limitation from the entry of judgment or, in the case of judgments of possession of real property emanating from residential leases, a 10–day time limitation from the entry of judgment. *See* Pa.R.C.P.M.D.J. 1002A, 1002B.[6] Therefore, to find that the grant

of a writ of *certiorari* tolls the time for taking appeal *de novo* would permit the courts of common pleas to extend the time for taking appeal *de novo* to a potentially-limitless period. We decline Overland's invitation to reach such a conclusion. *Dacar,* 52 Pa. D. & C. 4th at 334. Consequently, Overland's appeal *de novo,* filed more than three months after entry of the magisterial district court's judgment, is patently untimely, and we are satisfied that the trial court did not err by striking off the untimely appeal *de novo*.

¶ 11 Order affirmed.

---

**6.** Pennsylvania Magisterial District Judge Rules 1002A and 1002B permit the filing of an appeal beyond the stated time periods with leave of court and upon good cause shown. In the present case, Overland did not request the leave of court or demonstrate cause as to why their appeal was filed beyond the 30–day time limit. Accordingly, we need not consider this grace *proviso* in the present case.