J-A23004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMES SHANNON AND MARY LOU SHANNON | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | No. 3457 EDA 2019 |
| MAREK TCHORZEWSKI | : | |

Appeal from the Order Entered October 22, 2019,
in the Court of Common Pleas of Monroe County,
Civil Division at No(s):  No. 7523-CV-2019.

BEFORE:   KUNSELMAN, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED FEBRUARY 9, 2021**

James and Mary Lou Shannon appeal from the order denying their request to file an appeal *nunc pro tunc* from a magisterial district justice's judgment ordering possession and payment of back rent.  Upon review, we affirm.

The Shannons owned and resided in a home at 117 Campbell Way, Tobyhanna, Pennsylvania from October 24, 1994 until they lost the property at tax sale in 2015.  Marek Tchorzewski purchased the property at that sale. After the tax sale, the Shannons agreed to rent the premises from Tchorzewski for $900 per month.  They continued to reside their as tenants.  On March 26, 2019, the Shannons received a written notice to quit the premises from

---

[*] Retired Senior Judge assigned to the Superior Court.

Tchorzewski for failure to pay rent in the amount of $3,520. The Shannons disagreed.

Tchorzewski filed a landlord-tenant action against the Shannons with the magisterial district judge to collect the past due rent and obtain possession on April 23, 2019. A hearing was scheduled for May 3, 2019; notice of the hearing was sent to the Shannons. After receiving this notice, Mr. Shannon talked to Tchorzewski about the claim for the past due rent, but did not discuss the hearing. Tchorzewski did not discourage the Shannons from attending the hearing.

The Shannons did not attend the hearing. As a result, Tchorzewski obtained a judgment for the unpaid rent and possession of the premises. Notice of this judgment was posted on the door of the property, and Mr. Shannon received it.

The notice informed the Shannons that a judgment had been entered against them, and that they had a right to appeal. However, the Shannons did not file an appeal. Instead, they hoped to work something out with Tchorzewski so that they could stay at the property.

On July 8, 2019, the Shannons found an order of possession dated July 3, 2019 from the magistrate posted on their door, telling them that they had to vacate the premises within ten (10) days. Despite this, the Shannons did not contact Tchorzewski. On July 16, 2019, a constable came to the property to evict the Shannons. Tchorzewski was present and told them they could stay at the premises if they paid the judgment in full, but the Shannons did

not have the money. As a result, the constable evicted the Shannons that day. On August 6, 2019, the Shannons hired an attorney to represent them. The Shannons then filed a petition to open the MDJ judgment on September 20, 2019. The trial court issued a rule to show cause why the petition should not be granted and scheduled a hearing for October 22, 2019.

At the hearing, after some discussion, the petition to open the judgment was amended to a petition to appeal *nunc pro tunc*. Following the hearing, the trial court denied the Shannons' petition. The Shannons filed this timely appeal. The Shannons and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, the Shannons raise the following four issues for our review:

I. Did the trial court abuse its discretion when it erroneously, arbitrarily and capriciously determined *sua sponte* that the Shannons' petition should instead be converted to a petition to file appeal *nunc pro tunc*?

II. Did the trial court abuse its discretion when it erroneously, arbitrarily and capriciously determined that the Shannons knew of the entry of the judgment against them and therefore waited too long to file a timely appeal or the instant petition to open judgment?

III. Did the trial court erroneously, arbitrarily and capriciously ignore the approximately three years of checks entered into evidence on behalf of [Mr. Shannon] showing that the rent had been paid in full (with several payments made for repairs in lieu of rent)?

IV. The trial court's decision was against the weight of the evidence.

***See*** Shannons' Brief at 4-5.

Before setting forth the applicable standard of review, we must determine whether the trial court properly considered the Shannons petition to open the MDJ judgment as a petition to file an appeal *nunc pro tunc.* The Shannons claim that their petition should have remained as they originally framed it. Shannon's Brief at 15. We disagree.

Initially we note that counsel for the Shannons agreed to modify the petition. Although the Shannons' counsel now claims that she did so reluctantly, she, in fact, did agree, and made the motion. N.T., 10/22/19, at 5.

Furthermore, the trial court correctly stated that "the rules [of procedure] don't provide for a petition to open a district judge award." *Id.* at 4-5. Rather, Pennsylvania Rule of Civil Procedure before Magisterial District Judge 1002B provides: "A party aggrieved by a judgment for the delivery of possession of real property arising out of a residential lease may appeal therefrom within ten (10) days after the date of the entry of judgment by filing with the prothonotary of the court of common pleas a notice of appeal . . . ."[1] Pa.R.C.P.M.D.J. 1002B. We note that the Shannons cite no authority for the procedure they advocate. We, therefore, conclude that the trial court did not

---

[1] An aggrieved party may also file a praecipe for a writ of *certiorar*i pursuant to 42 Pa.C.S.A. § 934 as an alternative to an appeal *de novo*. Such process involves a review of the record established before the district justice with "an eye to cure defects in procedure and legal error. *Partners, LP v. Overland Enterprise, Inc.*, 950 A.2d 1011 (Pa Super. 2008). However, such a remedy is not guaranteed as is the remedy of a timely appeal *de novo*. *Id.*

err in allowing the requested modification to the Shannons' petition; this was the appropriate procedure.

In their second issue, the Shannons argue that the trial court erred in finding that they knew that judgment had been entered against them, but waited too long to file their petition with the court for relief. Shannons' Brief at 17. Having concluded that the court appropriately treated the Shannons' petition as a request to appeal *nunc pro tunc*, we apply the following standard of review:

> Allowance of an appeal *nunc pro tunc* lies at the sound discretion of the trial judge. This Court will not reverse a trial court's denial of a motion for leave to appeal *nunc pro tunc* unless there is an abuse of discretion. An abuse of discretion is not merely an error of judgment but is found where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record.

***Fischer v. UPMC Northwest***, 34 A.3d 115, 120 (Pa. Super. 2011) (internal quotations and citations omitted).

> Generally, a trial court may grant an appeal *nunc pro tunc* when a delay in filing is caused by extraordinary circumstances involving fraud or some *breakdown in the court's operations* through a default of its officers.
>
> There is a breakdown in the court's operations where an administrative board or body is negligent, acts improperly or unintentionally misleads a party. Cases involving a breakdown in court operations often involve a failure on the part of the prothonotary to fulfill his or her ministerial duties, such as the filing of dispositions and other relevant information on the appropriate docket, or giving notice of these dispositions to interested parties.

*Id.* (internal citations and quotation marks omitted) (emphasis in original).

Moreover,

where an appeal is not timely because of non-negligent circumstances, either as they relate to [the] appellant or his counsel, and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, and [the] appellee is not prejudiced by the delay, the court may allow an appeal *nunc pro tunc*.

*Amicone v. Rok*, 839 A.2d 1109, 1114 (Pa. Super. 2003) (internal citations omitted).

[W]hatever extraordinary circumstance is alleged as the reason for the late filing of the appeal—fraud, breakdown of the court's operation through default of its officers, or non-negligent conduct on the part of appellant, appellant's attorney, or the attorney's staff—the petition to file the appeal *nunc pro tunc* must be filed within a reasonable time after the occurrence of the extraordinary circumstance.

*Id.* 839 A.2d at 1114.

The trial court concluded that the Shannons did not meet their burden of proof to obtain *nunc pro tunc* relief. In particular, the court found the Shannons failed to demonstrate that there was fraud, a breakdown in operations, or non-negligent circumstances which affected the filing of their appeal.

In their petition, the Shannons claimed that Tchorzewski misled them, telling them not to worry, that he would take care of things, and not attend the MDJ hearing. The trial court concluded that Tchorzewski's testimony about this matter was certain and direct, and the Shannons' story was incredible.

Moreover, to proceed *nunc pro tunc*, an appellant must demonstrate that there were extraordinary circumstances involving fraud, a breakdown in the court's operations through a default of its officers, or non-negligent circumstances that affected the appellant's ability *to file the appeal*. The Shannons' claim of misrepresentation only relates to why they did not participate in the MDJ hearing. It does not explain why the Shannons did not **file their appeal** timely. Thus, any misrepresentation regarding the initial MDJ hearing is irrelevant. The only relevant time frame is from May 3, 2019 to September 20, 2019.

To the extent that the Shannons sought to justify their delay in filing the appeal because they continued to pay rent after notice of the MDJ judgment and put those checks in evidence, the trial court evidently did not find this to be a satisfactory explanation for the untimely appeal. Merely because the Shannons assumed everything was going to be alright, did not excuse their failure to act timely once they received notice of the judgment.

To the contrary, the trial court found that the Shannons waiting four months to act once they had notice of the judgment was unreasonable. As the trial court explained:

> Here the Shannons waited more than four months before they sought to file a late appeal. The judgment from the MDJ was posted on their property on May 3, 2019. They were aware that a judgment for rent and possession had been entered against them as of that date. They were notified that if they wished to remain in possession, they had to appeal within 10 days. They did not seek legal advice after they were served with notice of eviction on July 5, 2019. After they were evicted on July 16, 2019, they did not retain counsel until August 6, 2019; after they

retained counsel they did not petition for relief from the judgment until September 20, 2019. This was too long[.]

\*\*\*

Four months is not a reasonable time to wait to file the motion when the time for filing the appeal itself is only 10 days.

Trial Court Opinion, 2/6/20, 6-7. The record supports the trial court's conclusion. Despite having notice of the MDJ decision and directions as to what to do if they disagreed with the decision, the Shannons' delay in protecting their rights was not reasonable. They did not obtain counsel after they received the notice of eviction and still delayed in obtaining counsel after the constable came to remove them from the premises. Even after they obtained counsel a few weeks after this, there was yet another delay of a month before their petition was filed. In short, the trial court found the Shannons' reasons for filing their appeal late were not credible, and their delay of more than four months to take action was unreasonable. Under these circumstances, we cannot find that the trial court abused its discretion when it denied the Shannons' petition for *nunc pro tunc* relief.

In their third and fourth issues, the Shannons argue the merits of their appeal. Specifically, they claim that the trial court ignored three years of checks which they claim prove that their rent had been paid in full, and that the trial court's decision was against the weight of the evidence. Here, the trial court never reached the merits of whether the Shannons should have been evicted or whether they owed Tchorzewski money for past due rent. As the trial court made clear during the hearing on the petition for *nunc pro tunc*

relief, the **only** issue before the trial court was whether the Shannons were permitted to file their appeal four months after the deadline.

Because the trial court did not grant *nunc pro tunc* relief, the merits of the underlying appeal are not properly before this Court; we do not reach the Shannons' third and fourth issues.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/09/2021