J-A13038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH FRANCIS GRIFFIN AND CYNTHIA GRIFFIN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1521 EDA 2020 |
| NOUREDDINE BERDAOUI AND ADVANCED DISPOSAL SERVICES EASTERN PA, INC. | : | |

Appeal from the Judgment Entered June 23, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): No. 170602027

BEFORE:   BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JULY 9, 2021**

Appellants Joseph Francis Griffin and Cynthia Griffin appeal the judgment entered by the Court of Common Pleas of Philadelphia County in favor of Appellees Noureddine Berdaoui and Advanced Disposal Services Eastern PA, Inc. ("ADS").[1]  We affirm.

In June 2017, the Griffins initiated this civil action against Mr. Berdaoui and ADS to recover damages in connection with the April 8, 2016 motor

---

[*] Former Justice specially assigned to the Superior Court.

[1] The Griffins purported to appeal from the order denying their post-trial motion.  However, "an appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of any post-verdict motions, not from the order denying post-trial motions." **Young v. Lippl**, ___A.3d___, 2021 PA Super 56 (Pa.Super. Mar. 31, 2021) (citing **Johnston the Florist, Inc. v. TEDCO Constr. Corp.**, 657 A.2d 511, 514 (Pa.Super. 1995) (citation omitted)).  We have amended the caption accordingly.

vehicle incident in which Mr. Griffin was injured. The Griffins asserted that Mr. Berdaoui was negligent and that ADS was vicariously liable as Mr. Berdaoui's employer.

The Griffins also brought direct liability claims against ADS for negligent hiring, entrustment, training, supervision, and retention. In addition, Mrs. Griffin brought a claim for loss of consortium. ADS and Mr. Berdaoui filed an answer containing denials and affirmative defenses that included their claim that Mr. Griffin was comparatively negligent.

In October 2019, the parties proceeded to a jury trial at which the following factual background and procedural history was developed:

> On April 8, 2016, at about 6:20 A.M., Mr. Joseph Griffin was on his way to work. He was riding his 1998 Harley-Davidson motorcycle traveling about 35 mph, Eastbound on Germantown Pike. Mr. Griffin was more than 400 feet from the Felton Road T-intersection when he first perceived a large Mack trash truck driving out of Felton Road on his left side. The truck was being driven by Mr. Noureddine Berdaoui (Ber-da-wee).
>
> Mr. Griffin watched as the truck exited Felton Road and he "panicked." Oct. 28, 2019, N.T. 81, 158-160. Mr. Griffin watched the truck the entire time as it drove out from the left curb across the Westbound Lanes and then as it crossed the Eastbound lanes of Germantown Pike going into the Davis Heating and Cooling Co. property on his right. Oct. 21, 2019, N.T. 155-160; Oct. 28, 2019, N.T. 168. The trash truck never stopped on Germantown Pike and did not block the roadway. Oct. 28, 2019, N.T. 62-64.
>
> Mr. Griffin explained that he mistakenly believed that Mr. Berdaoui failed to stop at the Felton Road stop sign. Oct. 21, 2019, N.T. 206-209. Mr. Griffin "tooted" his horn. He then tooted continuously and flashed his high beams as he continued driving at 35 mph toward the trash truck. Oct. 21, 2019, N.T. 215-219.
>
> Mr. Griffin observed the trash truck travel across the four lane highway, however, he did not slow down or brake because

- 2 -

he believed he had the right of way. He explained at Oct. 21, 2019, N.T. 223-224:

> "I thought he ran the stop sign. … But when I was riding my motorcycle, which is a matter of seconds when this happened, I thought he did not stop. But he did not stop for me. He did not yield the right of way. I still have the right of way and I didn't have a traffic light or a stop sign. I had the right of way."[2]

See also, Sept. 28, 2016, N.T. 21-24, 33-35.

A surveillance video from an adjacent building confirms that when Mr. Griffin steered his front wheel to the left and "dropped his bike," the back end came up throwing Mr. Griffin into the air. His leg got caught in the motorcycle and Mr. Griffin suffered a broken ankle and several broken bones in his right foot. Oct. 21, 2019, N.T. 158, 160; Oct. 28, 2019, N.T. 41-43. Today he walks with a limp. **There was no impact or collision between the two vehicles.**

Mr. Berdaoui testified that he was operating a commercial front loader trash truck on the morning of the incident. Oct. 25, 2019, N.T. 19-20, 49-58. He has been driving for Defendant-ADS since 2012[.] Oct. 25, 2019, N.T. 17, 100-102. Mr. Berdaoui explained to the jury his CDL training, the ADS safety classes and road programs, Federal Motor Carrier Safety Regulations and Manuals, simulation video for accident and defensive driving tests, and ADS pre-trip inspection protocols. Oct. 25, 2019, N.T. 21-37. [Mr. Berdaoui] testified on Oct. 25, 2019, N.T. 86-87:

> "Yes. As I got into the driveway with my front wheel, I heard like a beep, like a horn. And then I turned to the right, and I saw Mr. Griffin on his motorcycle start losing control of his motorcycle.
> ***
> I saw Mr. Griffin losing control, and then I saw the motorcycle sliding, and then I saw the motorcycle going behind my truck."

---

[2] Mr. Griffin was presented with his sworn testimony on September 28, 2016, in which he averred he saw Mr. Berdaoui's truck as Mr. Griffin approached the railroad tracks on Germantown Pike. Mr. Griffin indicated that he applied his brakes as he crossed the railroad tracks. N.T., 10/21/19, at 45-48.

Mr. Berdaoui testified that his truck is 30 feet long and weighs 40,000 pounds when empty. Oct. 25, 2019, N.T. 159, 163. Germantown Pike's four lanes are 54 feet across, approximately 26 feet wide each direction, and 13½ feet each lane. The jury heard that the front of the ADS truck was in the Davis Heating & Cooling driveway. Only the rear of the trash truck was on Germantown Pike. The left lane of the Eastbound Traffic was open. Oct. 25, 2019, N.T. 160-164.

Robert Lynch, a mechanical engineer, was the defense expert in collision reconstruction. Oct. 28, 2019, 10-22. He reviewed with the jury the surveillance video, Google Earth photos, laser scan images and engineering calculations to provide his analysis about negligence causation and liability matters of behalf of the Defendants. Oct. 28, 2019, N.T. 23-172. Mr. Lynch opined that Plaintiff-Griffin had sufficient distance ahead to be able to stop if his speed was 35 mph. Oct. 28, 2019, N.T. 41-43.

Both the Plaintiffs' expert, John Halikman, and the Defendants' expert, Robert Lynch, agreed that at 35 mph, the motorcycle's braking distance would be 58 feet. Oct. 22, 2019, N.T. 222, 244-246; Lynch, Oct. 28, 2019, N.T. 54-57. Both experts measured the distance on Germantown Pike from the railroad tracks crossing to the area of the incident. Plaintiffs' expert testified that the railroad tracks are 118 feet from the Davis property driveway. Oct. 22, 2019, N.T. 243-44. Defendants' expert measured 160 feet from the railroad tracks to the path of the truck. Oct. 28, 2019, N.T. 55. If Plaintiff-Griffin had braked at the railroad tracks, he could have stopped in less than 60 feet. Oct. 28, 2019, N.T. 61-76. Additionally, the surveillance video was played several times in real time and in slow motion. This confirmed that the truck was not blocking the Eastbound lanes of Germantown Pike when the motorcycle reached that area. Oct. 28, 2019, N.T. 96, 101.

Mr. Lynch described the incident as a "non-collision." Oct. 28, 2019, N.T. 167. He concluded that Mr. Griffin failed to appreciate what was happening on the road ahead until it was too late. As a result, although there was sufficient time and distance for the Plaintiff to perceive the truck, and react to the truck to avoid losing control of his vehicle, the Plaintiff was injured. Oct. 28, 2019, N.T. 101-103.

Trial Court Opinion (T.C.O.), 6/23/20, at 1-5 (emphasis in original).

At the conclusion of the Griffins' case-in-chief as plaintiffs, ADS and Mr. Berdaoui filed a motion for compulsory nonsuit limited to the Griffins' direct liability claims against ADS.[3]  Although the Griffins initially contested the motion, the Griffins' counsel later stated on the record that the Griffins would not oppose the motion for nonsuit as the trial court made evidentiary rulings that precluded the Griffins from offering certain evidence with respect to their claims of direct liability against ADS.  N.T., 10/25/19, at 12-13.  On October 25, 2019, the trial court granted the motion for nonsuit as unopposed.

At the conclusion of the trial, on October 31, 2019, the jury rendered a verdict in favor of Mr. Berdaoui and ADS, finding Mr. Berdaoui was not negligent.  On November 9, 2019, the Griffins filed a motion for post-trial relief seeking Judgment Notwithstanding the Verdict (JNOV) or in the alternative, a new trial.  The trial court heard oral argument and directed the parties to submit post-trial briefs.  After the Griffins were granted an extension to file their post-trial brief, the Griffins filed their post-trial brief nineteen days late.

On June 23, 2020, the trial court denied the Griffins' post-trial motion in its entirety and entered judgment in favor of Mr. Berdaoui and ADS.[4]  On

_____

[3] ADS and Mr. Berdaoui did not move for nonsuit on the negligence claim against Mr. Berdaoui or the vicarious liability claim against ADS.
[4] This Court has recognized that:

> Unlike the rules of criminal procedure requiring a court to act within 120 days of the filing of the post-trial motion or it will be deemed denied by operation of law, **see** Pa.R.Crim.P. 720(B)(3), the rules of civil procedure do not provide a similar automatic

*(Footnote Continued Next Page)*

July 22, 2020, the Griffins filed a timely notice of appeal and subsequently complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

The Griffins raise six issues for our review on appeal:

I.  Whether the prior adjudication of the negligence and liability of the driver of the trash collection truck properly served to collaterally estop relitigation of the negligence and liability of the driver of the trash collection truck such that the issues of negligence and liability of the driver of the trash collection truck should not have been submitted to the jury?

II.  Whether the evidence of a trash collection truck improperly entering the roadway into the path of a motorcycle conclusively established the negligence of the driver of the trash collection truck warranting relief in favor of the injured motorcycle driver?

III.  Whether the trial testimony of the trash collection truck driver should have been considered as part of [the Griffins'] case in passing upon the motion for nonsuit?

IV.  Whether it was error to preclude evidence of information gathered by the initial responding officer?

V.  Whether it was error to exclude evidence supporting the direct negligence claims against the employer of the trash collection truck driver?

VI.  Whether it was error to instruct the jury on the assured clear distance rule on evidence of a moving trash collection truck improperly entering the roadway into the path of a motorcycle?

_____

mechanism. Rather, a party is required to *praecipe* for entry of judgment to move the case forward, where the court has not decided the motion within 120 days after its filing. Pa.R.C.P. 227.4(1)(b).

***Wenk v. State Farm Fire & Cas. Co.***, 228 A.3d 540, 545 (Pa.Super. 2020).

Griffins' Brief, at 6-7.

First, the Griffins claim the trial court erred in submitting the issues of negligence and liability to the jury as they assert that such issues were conclusively established in a prior proceeding. Specifically, the Griffins point to the September 29, 2016 decision of the magisterial district court finding in favor of Nationwide Insurance Company (Mr. Griffin's insurer) against ADS and Mr. Berdaoui on a small claims judgment for property damage to Mr. Griffin's motorcycle.

Citing the doctrine of collateral estoppel, the Griffins claim that the Magisterial District Court's determination that Mr. Berdaoui and ADS were jointly and severally liable for the Griffins' damages from the April 8, 2016 incident precludes relitigation of the issues of negligence and liability.

However, the Griffins failed to develop an argument in the lower court or on appeal including pertinent authority and analysis to demonstrate why they would be entitled to employ offensive collateral estoppel to preclude further litigation of the disputed issues. *See Office of Disciplinary Counsel v. Kiesewetter*, 889 A.2d 47, 50-51 (2005); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329-31 (1979)) (setting forth factors to ensure fairness in the offensive application of the collateral estoppel doctrine).

Our courts have consistently held that "[w]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *In re Major*, ___Pa.___, 248 A.3d 445, 454 (2021) (quoting

***Commonwealth v. Johnson***, 604 Pa. 176, 985 A.2d 915, 924 (2009)). As a result, we find this issue to be waived.

Even assuming the Griffins had properly developed this issue for review, the judgment issued by the Magisterial District Court did not conclusively determine the issues of negligence and liability as Mr. Berdaoui and ADS perfected an appeal for a trial *de novo* in the Court of Common Pleas of Montgomery County.[5]

This Court has held that a judgment entered at the magistrate level is nullified by perfection of an appeal *de novo*. ***Indep. Tech. Servs. v. Campo's Exp., Inc.***, 812 A.2d 1238, 1241 (Pa.Super. 2002). ***See Gladstone Partners, LP v. Overland Enter., Inc.***, 950 A.2d 1011, 1014 (Pa.Super. 2008) (stating that "the purpose of an appeal *de novo* is to give a litigant a new trial without reference to the record established in the minor court"). In ***Indep. Tech. Servs.***, this Court found that the plaintiff could not be allowed to execute upon a judgment entered by a district magistrate as the defendant perfected an appeal *de novo* to the Court of Common Pleas and the case was dismissed because the plaintiff failed to move the case forward.

Similarly, in this case, once ADS and Mr. Berdaoui perfected their appeal *de novo*, the magistrate's judgment was extinguished. While Nationwide filed a complaint in the Court of Common Pleas, the parties thereafter settled the

---

[5] To the extent that the Griffins' collateral estoppel argument could be characterized as properly developed, the Griffins have not shown that they are entitled to relief on this claim.

dispute and Nationwide filed a praecipe to settle and discontinue the case. Therefore, the Griffins have failed to show that any prior judgment exists that on which they could base their collateral estoppel claim. As such, we find this claim to be meritless.

Second, the Griffins claim the trial court erred in denying their request for JNOV based on their claim that there was sufficient evidence to show Mr. Berdaoui was negligent in improperly entering the roadway, which the Griffins claim caused Mr. Griffin's injuries.

However, we note that while the Griffins argued in their post-trial motion that the trial court should have granted their request for JNOV, the Griffins did not develop this particular argument based on the sufficiency of the evidence in their court-ordered post-trial brief. Our rules of civil procedure provide that "post-trial relief may not be granted unless the grounds therefor, are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds." Pa.R.C.P. 227.1(b)(2).

Our Supreme Court has held that a trial court may find waiver of an issue not developed in a court-ordered post-trial brief. *Bd. of Supervisors of Willistown Twp. v. Main Line Gardens, Inc.*, 638 Pa. 323, 334, 155 A.3d 39, 45 (2017). The Supreme Court explained that:

> Because Rule 227.1(b)(2) does not require supporting briefs, the failure to file a brief does not violate the rule, and neither the trial court nor the appellate courts may find waiver pursuant to the rule

- 9 -

for failing to do so. In its discretion, based upon its conclusion that it requires further advocacy on the issues, a trial court may request that the parties file briefs. In the event of non-compliance with such a request, it is for the trial court, again in its discretion, to find waiver or, alternatively, to overlook the noncompliance and rule on the merits of the issues presented.

***Main Line Gardens, Inc.***, 638 Pa. at 334, 155 A.3d at 45.

In this case, on November 21, 2019, the trial court entered an order setting forth a post-trial briefing schedule and specified that the post-trial briefs were to be electronically filed with hard copies delivered to the judge's chambers and specified that address. Although the Griffins raised twenty issues in their post-trial motion, they only developed five of those arguments in their brief, which did not include their request for JNOV based on the sufficiency of the evidence. While the Griffin's post-trial brief included the standard of review for a general request for JNOV, the Griffins argued that "JNOV is warranted because the issue of [Appellees'] liability was conclusively established in a prior proceeding." Griffins' Post-Trial Brief, 1/27/20, at 13.

Consequently, in denying the Griffin's post-trial motion, the trial court filed an opinion in which it addressed the Griffins' request for JNOV in the context of its claim developed in its post-trial brief based on its claim that Mr. Berdaoui and ADS's liability was established by the magistrate. The trial court did not address the Griffins' request for JNOV based on the sufficiency of the evidence. Accordingly, we find this particular claim waived. ***See Main Line Gardens***, ***Inc***.

Third, the Griffins claim that the trial court erred in failing to consider Mr. Berdaoui's testimony before passing upon the motion for nonsuit.

However, we find this claim is also waived as the Griffins failed to pursue their opposition to the motion for nonsuit in the lower court.

This Court has recognized that "[a] trial court may enter a compulsory nonsuit on any and all causes of action if, at the close of the plaintiff's case against all defendants on liability, the court finds that the plaintiff has failed to establish a right to relief." **Baird v. Smiley**, 169 A.3d 120, 124 (Pa.Super. 2017) (citing Pa.R.C.P. 230.1(a), (c); **Commonwealth v. Janssen Pharmaceutica, Inc.**, 607 Pa. 406, 8 A.3d 267, 269 n. 2 (2010)).

As noted above, on October 24, 2019, after the Griffins had rested their case, ADS moved for a compulsory nonsuit on the Griffins' direct liability claims against ADS relating to negligent hiring, entrustment, training, supervision, and retention. N.T., 10/24/19, at 186, 192. In response, the Griffins asked the trial court to consider Mr. Berdaoui's testimony before ruling on ADS's motion for nonsuit, but the trial court noted that it had been the Griffins' burden to secure Mr. Berdaoui's testimony for their case in chief:

> [Griffins' Counsel:] We have not yet – we have not heard yet from the defense in this case. And as you'll recall, we tried to call Mr. Berdaoui as to cross this afternoon, and we were told that he would be set up as a witness for tomorrow so he does not appear in our case in chief.
>     If we elicit evidence from Mr. Berdaoui or Mr. Beck, who we've been told are going to testify, then it goes to the -- it goes to those claims that are in the complaint.
> [Trial Court:] I'm going to ask you a question now, Mr. Andris.
> [Griffins' Counsel:] Sure, Your Honor.
> [Trial Court:] It's the same question I asked at our motions in limine but about a different topic. Okay? Whose burden is it to get Plaintiff's case in chief before Plaintiff rests?
> [Griffins' Counsel:] It is the Plaintiff's, Your Honor.

- 11 -

N.T., 10/24/19, at 193-94. The trial court did not rule on ADS's motion for compulsory nonsuit at that time and adjourned court for that day.

The next morning, the Griffins indicated they were no longer opposing ADS's motion for nonsuit:

> [Griffins' Counsel:] As you'll recall, we had a motion in limine on this issue, and your ruling was that the Plaintiffs and all parties were precluded from offering evidence with respect to negligent hiring, negligent entrustment, the background checks, prior accidents, subsequent accidents, the DOT certifications, Mr. Berdaoui's termination from his prior employment, those incidents that led to that. That was all addressed on a motion in limine. And because of that, Plaintiffs did not and could not offer evidence on those issues. And for those reasons, we are not opposing the motion at this time.
> [Trial Court:] Just for the record, this is different that what I heard yesterday.
> [Griffins' Counsel:] Correct, Your Honor. I asked for an evening to look for a case and contemplate it. And at this time, Your Honor, we're not opposing the motion.
> [Trial Court:] Okay. Then it'll be Defendants' motion is granted as unopposed.

N.T., 10/25/19, at 12. At no point did the Griffins' counsel ask the trial court to reopen the record to allow for the Griffins to call Mr. Berdaoui to testify in their case-in-chief.

This Court has held that "[s]tatements by a party's counsel that the party has no objection to a ruling constitute an affirmative waiver that bars the party from raising that issue in post-trial motions or on appeal, even if the party had previously fully raised and preserved the issue." *Livingston v. Greyhound Lines Inc.*, 208 A.3d 1122, 1136 (Pa.Super. 2019) (citation omitted).

- 12 -

The Griffins' failure to object to the trial court's decision to grant ADS's motion for nonsuit as unopposed constituted an affirmative waiver of their claim that the trial court should have considered Mr. Berdaoui's testimony before ruling on the motion for nonsuit.

In their fourth and fifth arguments on appeal, the Griffins claim the trial court made erroneous evidentiary rulings.

> When we review a ruling on the admission or exclusion of evidence, … our standard is well-established and very narrow. These matters are within the sound discretion of the trial court, and we may reverse only upon a showing of abuse of discretion or error of law. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. In addition, [t]o constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

*McFeeley v. Shah*, 226 A.3d 582, 596 (Pa.Super. 2020) (citation omitted).

In their fourth issue on appeal, the Griffins argue that the trial court erred in precluded them from admitting evidence of information gathered by Officer Timothy Warner, who responded to the accident scene.  In reviewing the record, we agree with the trial court's assessment that this issue is meritless as the Griffins never attempted to call Officer Warner to testify as either a lay or expert witness.

As noted above, the trial court granted ADS's and Mr. Berdaoui's motion to preclude the admission of certain evidence, including the traffic citation Officer Warner gave Mr. Berdaoui for the traffic incident in question.  During

argument on the motion in limine, the trial court noted that Mr. Berdaoui's decision to plead guilty to a summary offense for the accident was not admissible in the instant case.

The Griffins' counsel indicated on a side note that he had planned to call Officer Warner to testify as to his investigation, his determination as to the cause of the accident, and the fact that he issued a citation to Mr. Berdaoui. The Griffins' counsel argued that Officer Warner could testify about the accident even though he did not witness it occur.  N.T., 10/21/19, at 61-65. The trial court indicated that it was unsure whether Officer Warner could testify as to his conclusions about the traffic incident and asked the Griffins' counsel to provide a memorandum with precedent to support their claim.

As the Griffins never submitted the memorandum that the trial court requested and did not attempt to call Officer Warner as a lay or expert witness, the trial court did not make any evidentiary ruling that prevented Officer Warner from testifying as a lay or expert witness.  As such, this claim is meritless.

In their fifth claim, the Griffins argue that the trial court abused its discretion in precluding them from introducing evidence to support the Griffins' direct negligence claims against ADS as Mr. Berdaoui's employer.[6]

_____

[6] While Mr. Berdaoui and ADS ask this Court to find this issue waived as the Griffins did not oppose the entry of nonsuit on their claims of direct negligence against ADS, we decline to do so as the Griffins' counsel expressly indicated on the record that the Griffins felt the trial court's evidentiary rulings precluded them from presenting necessary evidence to establish their claims against ADS and thus, avoid nonsuit.

As noted above, in addition to the Griffins' claim that ADS should be held vicariously liable for the actions of its employee, Mr. Berdaoui, the Griffins brought direct liability claims against ADS for negligent hiring, entrustment, training, supervision, and retention. While the Griffins acknowledge that Mr. Berdaoui's driving record was inadmissible for the purpose of establishing his negligence in the instant case, they argue Mr. Berdaoui's driving record was admissible under Pa.R.E. 404 for a purpose other than conformity on a particular occasion, *i.e.*, to show that ADS was negligent in entrusting its company truck to Mr. Berdaoui.

The trial court found that the evidence of Mr. Berdaoui's driving record was inadmissible as the Griffins failed to show that any of Mr. Berdaoui's prior driving infractions and/or accidents were sufficiently similar to the pertinent facts of this case. The Griffins do not acknowledge or address this particular holding and failed to provide any relevant detail about Mr. Berdaoui's driving record that they sought to admit. We find this claim to be waived for lack of development. **See In re Major**, **supra**.

However, even assuming *arguendo* that the trial court erred in excluding this evidence, such error would be harmless. "To constitute reversible error, a ruling on evidence must be shown not only to have been erroneous but harmful to the party complaining. An evidentiary ruling which did not affect the verdict will not provide a basis for disturbing the jury's judgment." **B & L Asphalt Indus., Inc. v. Fusco**, 753 A.2d 264, 270–71 (2000) (quoting **Hart v. W.H. Stewart, Inc.**, 523 Pa. 13, 16, 564 A.2d 1250, 1252 (1989)).

In reviewing the record, we note that Griffins could not prevail on their claims of direct negligence against ADS as they did not first establish that ADS's employee, Mr. Berdaoui was negligent. With regard to the theory of negligent entrustment, this Court held that:

> [i]t is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.
>
> ... **However, our cases do require that the entrustee be causally negligent before the entrustor may be held liable through negligent entrustment.**
>
> *Christiansen v. Silfies,* 446 Pa.Super. 464, 667 A.2d 396, 400 (1995), *appeal denied,* 546 Pa. 674, 686 A.2d 1307 (1996) (citing Restatement (Second) of Torts § 308).

*Phillips v. Lock*, 86 A.3d 906, 913 (Pa.Super. 2014) (emphasis added).

As a result, even if the trial court allowed the Griffins to admit evidence of Mr. Berdaoui's driving record to attempt to show ADS was negligent in entrusting their truck to Mr. Berdaoui, the Griffins could not establish ADS was liable on their direct negligence claims in light of the jury's finding that Mr. Berdaoui was not negligent with respect to Mr. Griffin's accident.

In their last claim, the Griffins contend that the trial court abused its discretion in choosing to instruct the jury on the "assured clear distance" rule. Before we analyze this argument, we note Mr. Berdaoui and ADS claim the Griffins waived this challenge by failing to object when the trial court finished charging the jury. Although the Griffins had previously objected to this

particular instruction during the charging conference, Mr. Berdaoui and ADS argue that the Griffins made an affirmative statement waiving all objections to the instructions after the jury instructions had been given.

In **Jones v. Ott**, 648 Pa. 76, 191 A.3d 782 (2018), the Supreme Court held that even though the appellant had preserved her challenge to the jury instructions in the first instance, the appellant affirmatively waived her ability to file a post-trial challenge to these instructions by stating that she no longer had any "issues with the charge" after the trial court had asked the parties if they wished to raise any issues to the charge as given. The Supreme Court further explained that:

> When a trial judge directly asks for any objections [after giving jury instructions], counsel must directly state them, explicitly or by reference to prior recorded objections, on pain of waiver.
>
> As a general matter, we do not suggest that our rules of civil and appellate procedure require counsel to state some additional objection on the record if (unlike in this case) there already is a record of the ruling upon the proposed point for charge. But, when the trial court specifically asks whether a party objects to a given charge, it is reasonable to expect that counsel will in fact object or remind the court of a previously offered instruction rather than abandon the point. This is unexceptional.

*Id*. at 92, 191 A.3d at 792.[7] **See also Livingston**, **supra**.

In this case, after the trial court had instructed the jury, the trial court asked the parties if it had "covered everything," to which the Griffins' counsel responded, "[y]es, Your Honor." N.T., 10/29/29, at 109-10. Consistent with

---

[7] Although portions of the **Jones** opinion constitute a plurality decision, the relevant language cited in this decision were joined by a majority of the Justices and has precedential effect.

our decision in *Jones*, we find the Griffins affirmatively waived their challenge to the trial court's jury instruction when their counsel offered no opposition when the trial court specifically asked the parties whether they objected to its charge as given to the jury. We decline to review this issue further.

For the foregoing reasons, we affirm the judgment in favor of Mr. Berdaoui and ADS.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/9/2021